## No. 11,377.

### CAMPBELL *v*. THE PEOPLE, ex rel. CHAPMAN

Decided October 5, 1925.

Quo warranto over the office of secretary of a school district. Judgment of ouster.

### *Reversed.*

### *On Application for Supersedeas.*

1.  STATUTES—*Construction.* Statutes should be so construed if possible that they will be harmonious, and effect given to every clause and section.

2.  SCHOOLS—*Directors—Statutes.* There is no inconsistency between sections 8277 and 8329, C. L. '21, concerning the election and appointment of school district officers.

3.  *Officers—Election—Appointment.* In case of a tie vote on the office of secretary of a school district of the third class, if there is no special election to fill the office, the county superintendent may fill the vacancy by appointment.

*Error to the District Court of Saguache County, Hon. Jesse C. Wiley, Judge.*

Mr. JOHN I. PALMER, Mr. J. E. JOHNSTON, for plaintiff in error.

Mr. JESSE STEPHENSON, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action in the nature of quo warranto to test the title of plaintiff in error to the office of secretary of consolidated school district No. 31 of Saguache county. A judgment having been entered against him, he brings the case here and applies for a supersedeas.

On May 4, 1925, a regular election to fill the office in question was held. Because of a tie vote no one was elected. No special election to fill the office was thereafter called or held. On July 23, 1925, the superintendent of schools of Saguache county appointed the plaintiff in error to the office. This action was then brought, and the trial court held the appointment not authorized by law, from which holding the judgment of ouster followed.

The school district involved is a district of the third class. The plaintiff in error, to uphold the validity of his appointment and his title, relies upon section 8277, C. L. 1921, which reads as follows:

"The county superintendent shall appoint directors for any district which fails to elect, as provided in section forty-four, and shall fill vacancies that may occur in any board of directors by reason of death, removal from office or from the district, resignation or otherwise except in the boards of directors of districts of the first class, and the officers so appointed shall hold office only until the ensuing regular election."

Section "forty-four" referred to in the section above quoted is section 8327, C. L. 1921, which provides for elections and election notices in school districts. Considering the sections thus far cited, and none others, there would be no doubt of the validity of the appointment here involved, because the school district failed to elect, and the county superintendent was authorized by section 8277, supra, to make an appointment in that event.

It is the contention of defendant in error that section 8277, C. L. 1921, under which plaintiff in error was appointed, is not applicable, because inconsistent with section 8329, C. L. 1921. The latter section provides, among other things, that if at a regular. election there be a tie vote, a special election shall be called by the board within ten days. In our opinion, there is no such inconsistency as to render section 8277 inapplicable in this case. In construing statutes the rule is to so construe them, if possible, that they will be harmonious, and effect given to every clause and section. *Denver v. Campbell,* 33 Colo. 162, 166, 80 Pac. 142. When the legislature empowered a school board to call a special election within ten days after the regular election, it did not intend to affect the authority of the county superintendent to appoint if no special election was held. Both the provision as to appointment, and, in substance, the provision as to calling a special election, were incorporated into the act of 1877, which was a new code of school law, and such provisions have existed side by side ever since. Both should be given effect. Under the facts assumed by both sides in this case, the district failed to elect, either at the regular election or at any special election. The county superintendent had the right to make the appointment, and it follows, therefore, that plaintiff in error is entitled to the office.

The application for a supersedeas is denied and the judgment is reversed with directions to enter judgment for defendant.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.