## No. 11,661.

People ex rel. Brady *v.* Nelson, et al.

Decided November 1, 1926.

Action in mandamus. Judgment of dismissal.

*Affirmed.*

*On Application for Supersedeas.*

1. Schools—*District Officers—Filling Vacancies.* There being a vacancy on a school district board of directors, under the provisions of section 8277, C. L. '21, the county superintendent could fill the vacancy.

There is no requirement that the superintendent shall wait a reasonable time—so that an election could be called—before making an appointment, but if there was, it is held that he did so in the instant case.

*Error to the District Court of Rio Grande County, Hon. J. C. Wiley, Judge.*

Mr. Jesse Stephenson, for plaintiff in error.

Mr. George M. Corlett, for defendants in error.

*En banc.*

Mr. Justice Sheafor delivered the opinion of the court.

This suit was brought by the relator against respondents, in which the relator sought an alternative writ of mandamus, to require respondents to call a special election for the purpose of electing a president of Consolidated School District No. 8, in Rio Grande county. An alternative writ issued, to which the respondents answered, the answer including a demurrer. The demurrer was sustained, and, the relator electing to stand by his

petition and writ, the action was dismissed. The relator sues out this writ of error, and asks that the same be made a supersedeas. The essential facts are:

For some time prior to May 3, 1926, one Ward had been president of the school board, his term of office as president expiring on that date. No notices for the calling of a general annual election were posted, and no such election held. On May 4, the board called a special election to be held on May 26, for the election of a president of the board to succeed Ward. On May 24, the board met, entered an order declaring that no election could be held, caused the notices of the same theretofore posted to be taken down, and the election was not held. On May 25, the county superintendent appointed Earl Matzen as president of the board to succeed Ward, but on the following day Matzen resigned, or refused to accept the appointment, and Hancock, the present incumbent, and one of the respondents herein, was thereupon appointed as president to fill the vacancy. Thereafter, and on June 5, a large number of voters presented a petition, which they had endeavored to present on May 28, to the board, asking it to call a special election which was denied, the board holding that it could not legally call an election at that time. The question presented for our determination is whether the appointment of Hancock was valid. If it was, when the voters presented their petition on June 5, asking the board to call an election, there was no vacancy to be filled, and no valid election could be held.

The relator places his reliance upon the proposition that the superintendent was without power to make an appointment until the voters and the school board had been given a reasonable time in which to elect, and when a reasonable time had expired without anything being done, then the county superintendent might appoint.

Section 8277, C. L. 1921, reads: "The county superintendent shall appoint directors for any district which fails to elect, as provided in section forty-four, and shall

fill vacancies that may occur in any board of directors by reason of death, removal from office or from the district, resignation or otherwise * * * and the officers so appointed shall hold office only until the ensuing regular election.''

Section 44 above referred to is section 8327, C. L. 1921. The latter section provides for the regular election for selecting members of school boards to be held on the first Monday in May, and further provides that the secretary of each school board shall cause written or printed notices to be posted, calling for the election, and that the notices shall be posted at least twenty days prior to the time of the election, and further provides that: ''If the secretary shall fail to give such notice, then any two legal voters residing in the district may give such notice over their names, and such election may be held after the day fixed by this act for such election.''

Section 8329, C. L. 1921, provides inter alia: ''If, for any cause, no election be held at the regular time, or if, upon counting the votes, there be a tie vote for any one or more of the officers, a special election shall be called by the board within ten (10) days, and notice thereof given as required in section 5918 of the revised statutes of the state of Colorado of 1908, as hereby amended. A failure to give the prescribed notice of such special election shall render the election void.''

Section 5918, Revised Statutes 1908, above referred to, is section 8327 cited above.

As we have seen, the general election was not held on May 3, nor was any special election held. Why these elections were not held is immaterial, the material fact being that they were not. No steps were taken by the relator, nor by other voters of the district, to petition the board to call an election, until May 28, three days after Hancock's appointment, and at the time of his selection the office was vacant. It was incumbent upon the county superintendent to fill that vacancy at some time. How long was she to wait before making the appointment?

The members of the school board, over whom the county superintendent had no control, had decided that they could not legally hold a special election, and we should assume that the county superintendent had reason to believe that no election would be called or held. There is no provision in the statute requiring the county superintendent to wait a reasonable time. If, however, the county superintendent was required to wait a reasonable time before making the appointment, we think, in view of the circumstances, she did so.

Under section 8327, supra, any two legal voters residing in the district could have given notice of the holding of the annual election, but they did not. This notice, we think, might have been so given any time before a special election should be called by the board. Both relator and respondents have cited *Campbell v. People, ex rel. Chapman*, 78 Colo. 131, 239 Pac. 879. This case may not be conclusive, but it clearly points the way to a solution of the present controversy. There the annual election had been held, a tie vote resulted, and no special election was called or held. Thereafter, and on July 23, the county superintendent filled the vacancy by appointment, and it was sustained. Mr. Chief Justice Allen, speaking for the court, said: "When the legislature empowered a school board to call a special election within ten days after the regular election, it did not intend to affect the authority of the county superintendent to appoint if no special election was held. * * * Under the facts assumed by both sides in this case, the district failed to elect, either at the regular election or at any special election. The county superintendent had the right to make the appointment, and it follows, therefore, that plaintiff in error is entitled to the office."

In the instant case the district failed to elect at either a general or special election, and the county superintendent was acting clearly within her rights in making the appointment of Hancock to fill the vacancy.

The supersedeas is denied, and judgment affirmed.