COLORADO SPRINGS LIVE STOCK COMPANY v. GODDING.

1. STATUTORY CONSTRUCTION.

A statute must be construed as a whole.   If a section standing alone will admit of two constructions, by one of which the entire act may be harmonized, while the other would create discord between the different provisions, the former should be adopted.

2. JURISDICTION.

This court has jurisdiction to entertain an appeal from the court of appeals where the judgment of the trial court exceeds twenty-five hundred dollars, irrespective of whether the judgment of the court of appeals was one of affirmance or reversal.   The same is true as to writs of error.

3. APPELLATE PRACTICE.

An appeal from the court of appeals which was not prayed for within five days after the time of rendering the judgment, is not perfected as required by law and will be dismissed.

4. SAME.

Although an appeal may be dismissed for want of jurisdiction, yet, if the court would have had jurisdiction if the case had been brought

on writ of error, the matter will, under the act of 1893, be held for review as pending on error.

*Appeal from the Court of Appeals.*

OPINION upon motion to dismiss appeal.

Mr. J. W. McCREERY and Mr. C. D. TODD, for appellant.

Mr. B. L. CARR and Mr. F. P. SECOR, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

This case was originally commenced by the Colorado Springs Live Stock Company against John E. Godding for breach of contract and false representations in its procurement. A trial in the district court resulted in a verdict and judgment for the plaintiff in the sum of $5,400. From this judgment an appeal was taken to the court of appeals. In the court of appeals the judgment of the district court was reversed, and the cause remanded for a new trial. See *Godding v. Colorado Springs Live Stock Company*, 4 Colo. App. 14.

From this last judgment the present appeal was taken. The appellee now moves to dismiss the appeal for want of jurisdiction in this court to entertain the same.

Appellee bases his argument for dismissal principally upon the following provision of the statute with reference to appeals and writs of error to this court, viz:

" Writs of error from, or appeals to, the supreme court, shall lie to review every final judgment of the court of appeals in cases which, under this act, might have been taken for review to the supreme court in the first instance." Session Laws of 1891, sec. 15, p. 121.

His argument is in effect as follows : A judgment or decree to be final must terminate the litigation between the parties on the merits of the cause, so that, in case of an affirmance in this court, nothing will be left for the court below but to execute the judgment or decree.

Undoubtedly this is the usual rule under statutes containing somewhat similar provisions to the one above quoted, and if this construction is controlling here this court is without jurisdiction to entertain the present appeal, inasmuch as by the judgment of the court of appeals the judgment of the district court is reversed and a new trial ordered. This leaves the controversy between the parties undetermined on its merits.

We are, however, of the opinion that if the statutory provision be considered with reference to other portions of the act a different conclusion must be reached. This will be more apparent if we read the statute in the light of the law existing at the time of its enactment. Under the prior law the jurisdiction of this court to review generally upon appeal or writ of error the judgments of inferior courts of record was unquestioned. The limitation placed upon this jurisdiction is found in the first section of the act creating the court of appeals, viz:

Section 1. "No writ of error from, or appeal to, the supreme court shall lie to review the final judgment of any inferior court, unless the judgment, or in replevin, the value found exceeds two thousand five hundred dollars, exclusive of costs. *Provided*, This limitation shall not apply where the matter in controversy relates to a franchise or freehold, nor where the construction of a provision of the constitution of the state or of the United States is necessary to the determination of a case. *Provided, further*, That the foregoing limitation shall not apply to writs of error to county courts."

The statute then proceeds to confer jurisdiction upon the court of appeals as follows:

Sec. 4. "The said court shall have jurisdiction—

"*First*. To review the final judgments of inferior courts of record in all civil cases and in all criminal cases not capital.

"*Second*. It shall have final jurisdiction, subject to the limitations stated in subdivision 3 of this section, where the

judgment, or in replevin the value found is two thousand five hundred dollars, or less, exclusive of costs.

" *Third.* It shall have jurisdiction, not final, in cases where the controversy involves a franchise or freehold, or where the construction of a provision of the constitution of the state, or of the United States, is necessary to the decision of the case, also, in criminal cases, or upon writs of error to the judgments of county courts." * * *    Session Laws of 1891, p. 118.

The statute in so far as it is applicable to the present controversy makes the judgment of the trial court the test of jurisdiction. Under the sections quoted, which are the very gist of the act, the court of appeals is given jurisdiction not final, *i. e.* intermediate jurisdiction, of this case, and the language of section 15 of the act must be construed with reference thereto. In other words, the statute must be construed as a whole. If the latter section standing alone will admit equally of two constructions, by one of which the entire act may be harmonized and the intent carried out, while the other will create a discord between the different provisions, the former should be adopted.

It will be noticed that in cases like the present, where the judgment brought into the court of appeals for review is in excess of $2,500, the jurisdiction of that court is expressly designated as not final, but where the judgment is for a less sum the jurisdiction conferred is final, in other than the instances specially excepted. In other words, where it is intended to confer final jurisdiction upon the court of appeals, the language employed is explicit and leaves nothing to inference, and we conclude from this that it was not the intention to interfere with the jurisdiction of this court except in the cases specified, unless such intention is apparent from something else in the act.

The act does not contain any direct words of negation upon the right of review in the supreme court upon appeal or writ of error from the court of appeals in cases where the judgment of the lower court is in excess of $2,500. The

contention is that the affirmative declaration of the right " to review every final judgment of the court of appeals," in cases which might have been taken to this court in the first instance, is equivalent to a denial of the right in all other cases. We concede this, but we cannot accept the construction placed by counsel upon the phrase " every final judgment of the court of appeals." We think the words " final judgment " are used for the purpose of distinguishing between the ultimate judgment of that court in a given case and a judgment that is merely interlocutory, and that the right to review remains in this court in all cases that might have been brought here in the first instance, irrespective of whether the judgment of the court of appeals is one of affirmance or reversal.

This construction is in accordance with the practice that has prevailed without question up to the present time. Under it all provisions of the act with reference to jurisdiction may be harmonized. If a contrary conclusion should be adopted the following among other anomalous results would follow : In cases involving a franchise or freehold, or the construction of a constitutional provision, as well as where the judgment exceeds $2,500, if the judgment of the lower court should be reversed by the court of appeals, leaving the merits of the controversy undetermined, the case would have to be returned to the *nisi prius* court for retrial upon the law of the case as laid down by the intermediate court, although by the express terms of the statute final jurisdiction would be lodged in this court.

What has been said applies equally to the jurisdiction of this court upon writs of error as to appeals, and for this reason we have deemed it necessary to decide this question of jurisdiction fully, although this appeal must be dismissed for the reason that it was not prayed for in apt time, as under the statute of 1893 the case may be redocketed upon error.

This court is without jurisdiction by appeal, for it appears from the record before us that the judgment of the court of appeals was entered on the 13th day of November, 1893,

while the appeal was not prayed for until fifteen days there-
after, to wit, on the 28th day of November.   Under the
statute " Appeals shall be perfected and writ of error made
a *supersedeas* in the same manner and under the same con-
ditions as in cases brought from other courts."   One of the
conditions requisite to an appeal from other courts to the
supreme court is that such appeal be prayed for within five
days after the time of rendering the judgment or decree.
Session Laws of 1889, p. 77, sec. 10.   The appeal in this
case not having been prayed for within the time designated
by the statute, it must be dismissed.   The cause will, never-
theless, be held for review upon error in accordance with
the recent statute.   This provides that:

" Whenever the supreme court or court of appeals shall
dismiss an appeal for lack of jurisdiction to entertain the
same, and it appearing that the court would have jurisdic-
tion if the action had come up on writ of error, the court
shall order the clerk, without additional fees, to enter the
action as pending on writ of error, and thereupon all the
proceedings shall be such as if the action had originally
been brought to the court on writ of error; and in such
case the court may, upon proper showing, order a *superse-
deas* bond to be filed in place of the appeal bond."   Session
Laws of 1893, p. 80.

The appeal will be dismissed, but the clerk will docket
the action as pending upon error.

*Appeal Dismissed.*