[No. 4716.]

THE CITY OF DENVER ET AL. v. CAMPBELL ET AL.

1. **Statutory Construction—Harmony.**
    If possible, statutes should be so construed as to be

harmonious and to give effect to every clause and section.

2. **Cities and Towns—Public Improvements—Notice—Constitutional Law.**

Except as limited by the constitution, city authorities have power to prescribe the preliminary steps which shall be taken in constructing public improvements. They may proceed to grade streets and let contracts therefor, when so authorized by statute, without any preliminary notice to the owners of property to be assessed, or notice for bids, because there is no constitutional provision requiring such notice.

3. **Cities and Towns—Public Improvements—Assessments—Limitation.**

The legislature has power to prescribe the time within which actions to annul assessments made against property for the cost of public improvements in cities and towns shall be commenced.

4. **Same—Statutory Construction.**

Section 34, article 7 of the charter of the city of Denver, providing that if any owner of property assessed for public improvements shall fail to pay the entire assessment within thirty days after publication of the assessing ordinance, he shall be conclusively presumed to have elected to pay by installments, and that all persons electing to pay by installments shall be precluded from questioning the power or jurisdiction of the city to construct the improvements, the regularity or sufficiency of the proceedings, or the validity or correctness of the assessment; and section 62 of the same article, providing that "no action or proceeding shall be commenced to review any proceeding or acts, or to question the validity, or enjoin the collection of the bonds, warrants or assessments," unless commenced within ninety days after the passage of the final assessment ordinance, should be so construed as limiting the time within which an action may be commenced to annul an assessment for a failure to comply with any of the preliminary steps required by the charter or statute, but which are not required by any constitutional provision, to thirty days, and ninety days within which to commence an action to annul such assessment on constitutional grounds.

5. **Same—Constitutional Law.**

Section 34, article 7 of the charter of the city of Denver, limiting the time to thirty days after the publication of the assessing ordinance within which persons whose property is assessed for the cost of public improvements may question the power or jurisdiction of the city to construct the improvements, the regularity or sufficiency of the proceeding, or the validity

or correctness of the assessment, is not in violation of that provision of the constitution inhibiting special legislation, nor of section 6 of the bill of rights guaranteeing a speedy remedy in the courts for every injury to person or property.

6.  **Cities and Towns—Public Improvements—Improvement Districts.**

In the absence of statutory regulations the municipal authorities are vested with discretion in laying out a district within which a specific improvement is to be made, and for the purpose of grading a street, the creation of a grading district including other streets, will not be disturbed unless it should appear that the action of the municipal authorities was so unreasonable as to clearly indicate that they acted in excess of their authority.

7.  **Same—Assessments—Special Benefits.**

A provision of a city charter that the costs of grading streets shall be assessed upon all the lots abutting upon the streets graded in proportion as the frontage of each lot is to the frontage of all the lots in the district, does not contravene the law that assessments for local public improvements shall be in proportion to the benefits, and an assessment under this rule cannot be set aside because in a few instances the assessment may be in excess of the benefits, but those whose property is unjustly assessed may be granted proper relief.

*Appeal from the District Court of Arapahoe County: Hon. P. L. Palmer, Judge.*

Action by appellees, as plaintiffs, to annul assessments levied against their property to cover the expense of grading streets in what is known as the North Denver Grading District No. 1. From a judgment in favor of plaintiffs, the defendants appeal. The necessary facts for an understanding of the questions discussed and decided appear in the opinion.

Mr. H. A. LINDSLEY, Mr. H. L. RITTER and Mr. CHAS. R. BROCK, for appellants.

Messrs. BENEDICT & PHELPS and Mr. M. H. KENNEDY, for appellees.

Messrs. MACBETH & MAY, *amici curiae.*

CHIEF JUSTICE GABBERT delivered the opinion of the court.

After the publication of the notice by the board of public works of intention to create the grading district, and before the ordinance creating the district was passed by the city council, the board changed the plans and specifications for grading, and recalled the ordinance recommended to the council. The board changed the plans and specifications without further notice to the property owners, and recommended another ordinance to the city council in conformity therewith, which was passed. According to the minutes of the proceedings of the board, it appears that the specifications were so changed by leaving out certain matters incorporated therein originally, that the expense was reduced something like thirty per cent. This reduction was the result of eliminating certain work originally contemplated. After the passage of the ordinance a contract was let for the work as specified in the changed specifications. This work was completed and the cost assessed upon the real property in the district. The notice given by the board to contractors inviting bids specified, among other things, the amount of the bond which the contractors would be required to give, and the time within which the work was to be completed. There was but one bid, which was accepted. Shortly after this acceptance the board, before the execution of the contract, reduced the amount of the bond from that specified in the notice, and extended the period within which the work was to be completed four months beyond that named in the notice. The trial court held that the change in the specifications, the reduction of the bond, and the extension of the time within which the work should be completed invalidated the proceedings and rendered the assessments thereunder void.

Section 34, Art. 7 of the Charter, provides that special assessments for local improvements shall be due and payable within thirty days after the publication of the assessing ordinance; provided, however, that such assessments may, at the election of the owners, be paid in installments, but that failure to pay the whole assessment within the statutory period of thirty days shall be conclusively considered and held an election to pay in installments. It further provides that all persons electing to pay in installments shall be precluded from questioning the power or jurisdiction of a city to construct the improvements, the regularity or sufficiency of the proceedings, or the validity or correctness of the assessment. Plaintiffs did not commence an action until after the expiration of thirty days from the date the assessing ordinance was published. Counsel for appellants contend that this failure to bring the suit within the thirty-day period is a bar to the maintenance of the action, in so far as it rests upon the facts above narrated. To this contention counsel for appellees reply that inasmuch as the action was commenced within ninety days after the passage of the ordinance making the final assessment, the rights of the plaintiffs to maintain it are preserved, by virtue of section 62, Art. 7 of the Charter. This section provides that: "No action or proceeding shall be commenced to review any proceedings, or acts, or to question the validity, or enjoin the collection of the bonds, warrants, or assessments authorized by this article, unless commenced within ninety days after the passage of the ordinance making the final assessment."

On first reading these sections, there is an apparent conflict, but in construing statutes the rule is, to so construe them, if possible, that they will be harmonious, and effect given to every clause and section.

We are well aware of the rule that in constructing local public improvements and levying special assessments against property to pay therefor, the statute must be substantially followed. The application of this rule, though right and just in itself, has resulted in declaring many assessments invalid. It has permitted parties who had notice of the improvements and the intention of the municipal authorities to levy an assessment against their property to pay therefor, to stand silently by, and then, although their property may have been benefited, defeat the levy of an assessment because of the failure of the city officials to strictly follow the provisions of the statute relative to public improvements. To meet these conditions and render it obligatory upon owners to act promptly, our legislature has seen fit to enact the sections of the charter to which we have referred. There must be a distinction between the cases contemplated by these sections; otherwise, they are in hopeless conflict. Except as limited by the constitution, the city authorities have the power to prescribe the preliminary steps which shall be taken in constructing improvements. Those to which we have referred are only necessary because the charter so prescribes. The city authorities could proceed to grade streets and let contracts therefor when so authorized by statute, without any preliminary notice to the owners of property to be assessed, or notice for bids, because there is no constitutional provision requiring such notices. The legislature has the power to declare the period within which actions to annul assessments shall be commenced. The two sections under consideration are necessarily statutes of limitation, or part of section 34 is meaningless. Section 62 provides that suit may be brought within ninety days, and section 34 that after the lapse of thirty days presumptions conclusively attach. They can-

not both stand or be given effect unless the cases covered by each are different. If presumptions attach by virtue of section 34, which cannot be rebutted after the lapse of a certain period, and these presumptions cover all cases, then section 62 is of no force or effect; while, on the other hand, if any action may be brought within ninety days after the passage of the assessing ordinance, then the part of section 34 dealing with presumptions must be entirely ignored. The power or jurisdiction of the city to construct improvements and the validity of special assessments may be raised in one of two ways: (1) That statutory steps have not been observed; and (2) that steps which the constitution requires have not been taken. These two classes of cases must furnish the test in determining which class is embraced in the one section, and which in the other. What, then, must be the distinguishing features of the cases referred to in the two sections? The purpose of section 34 is to prescribe the period when preliminary steps of the character under consideration are finally and conclusively settled, and the owner inhibited from making an issue on them. In effect, it says to the owner: If you do not pay your assessment within thirty days after the publication of the assessing ordinance, you will be conclusively presumed to have elected to pay it in installments, and, having made this election, you are precluded from thereafter raising any question with respect to the steps taken, or the regularity of the proceedings, which are purely statutory, and not required by virtue of any provision of the constitution. The omission to raise any of these questions before the presumption attaches that the preliminary steps of the character under consideration have been taken is a bar to raising them thereafter. The section does not state that a suit must be commenced before

this presumption attaches, but its effect in this respect is to bar any action the purpose of which is to put these questions in issue, unless commenced before that period, when, according to the terms of the section, presumptions attach which cannot be rebutted.

Section 62 does not deal with presumptions. It provides that suits must be brought within a certain period. These, however, cannot be actions involving questions which the owner is precluded from raising after the lapse of the period prescribed by the provisions of section 34, but, on the contrary, only relate to such as are not embraced in that section. In short, all cases involving questions relative to steps prescribed which the legislature might have dispensed with in the first instance are barred if, within thirty days after the passage of the assessing ordinance, the owners do not in some appropriate manner object to the assessments within that period; because, after the lapse of that time, presumptions attach as to these matters which cannot be rebutted, while section 62 embraces those cases in which questions are still open, after the lapse of thirty days from the date the assessing ordinance was passed, but provides that actions to litigate them must be commenced within a specified period. Thus construed, the two sections are rendered harmonious, and full force and effect given to the provisions of each. Section 34 is not objectionable because of the inhibition of the constitution against special legislation. The charter of the city of Denver is special, and its provisions as to when suits may be brought to annul special assessments are not subject to the constitutional inhibition against special legislation. Nor does the construction given violate section 6 of the bill of rights. We do not hold that a party seeking to be relieved from an alleged invalid assessment

must pay the same and then commence an action to recover it back, but if the question upon which he relies to invalidate the assessment comes within the purview of section 34, he must begin an action to annul the assessment before the expiration of the thirty-day period.

The city authorities created a grading district. There is no express provision of the charter either for or against this action. In the absence of statutory regulations the municipal authorities are vested with discretion in laying out a district within which a specific improvement is to be made. For the purpose of properly grading any street it may often be necessary to include others, so as to secure a uniformity of grade; and hence, the creation of a grading district cannot be disturbed unless it should appear clearly that the action of the municipal authorities was so unreasonable as to make it appear that they had acted in excess of their authority. An examination of the plat of the district does not disclose that the board acted either unjustly or unreasonably in creating the boundaries of the district.

The charter prescribes that the cost of grading streets, except at the intersection of streets and alleys, shall be assessed upon all the lots abutting on the streets graded in the proportion that the frontage of each lot is to the frontage of all the lots in the graded district. This rule, though arbitrary, does not contravene the law that assessments for local public improvements shall be in proportion to the benefits, because it appears to be a fair one. Where the rule works an injustice, relief may be granted. A distribution of the cost of grading under this rule cannot be set aside, because it may appear that in a few instances the assessment was in excess of the benefits accruing to particular lots. In other words, such a condition would not

render the entire assessment void, but would entitle those aggrieved to appropriate relief. The method of apportioning the cost of grading to the several lots in the district follows the rule prescribed by the legislature. This rule is capable of producing reasonable equality, and the provisions of the charter on the subject are not illegal or invalid.

In conclusion, it is perhaps not amiss to add, although not deciding the point, that the trend of the decisions of recent years involving questions affecting the validity of municipal improvements, is to be less technical than formerly, and to require owners whose property may be assessed for such improvements to be at least reasonably diligent in protecting their rights before the improvements are completed.—*Lord v. Bayonne,* 46 Atl. (N. J.), 701; *Lewis v. Albertson,* 53 N. E. (Ind.), 1071; *Arnold v. City of Ft. Dodge,* 82 N. W. (Iowa), 495; *Clinton v. City of Portland,* 38 Pac. 407.

Elliott, in his work on Roads and Streets (2d ed.), 590, says:

"There is sound reason for extending, rather than abridging, the principle of estoppel in street assessment cases."

Owners ought not to be permitted, by their silence, to mislead contractors, municipal authorities, and those supplying the money to pay for improvements by the purchase of bonds, respecting matters which could have been corrected had the attention of the municipal authorities been called thereto in apt time.

The judgment of the district court is reversed, and the cause remanded with directions to enter judgment for the defendants.

*Reversed and remanded.*