[No. 5260.]
[No. 2887 C. A.]

JACKSON ET AL. V. CITY OF DENVER ET AL.

1.  Cities and Towns—City and County of Denver—Local Improvements—Assessments—Suits to Annul.

Section 34, art. 7, charter of city and county of Denver, requiring all actions to annul assessments for local improvements, not involving constitutional rights, to be commenced within thirty days after the passage of the assessing ordinance, or the right to question the assessment is waived, cannot be construed as applicable only to valid assessments, since assessments which are concededly valid cannot be successfully attacked by an action commenced within thirty days after the passage of the assessing ordinance.—P. 365.

2.  Constitutional Law—City and County of Denver—Charter Provisions—Deprivation of Property Without Due Process of Law—Waiver.

Section 34, art. 7, charter of city and county of Denver, requiring actions to annul assessments for local improvements, not involving constitutional rights, to be commenced within thirty days after the passage of the assessing ordinance, when considered in connection with § 62, providing that no action shall be brought within ninety days after the passage of the assessing ordinance, is not invalid, as depriving persons of their property without due process of law, since persons are given an opportunity to contest assessments in court, but they must com-

mence their actions within the period specified, or they will be deemed to have waived their right to do so.—P. 365.

**3. Writ of Error—Questions Not Raised in Trial Court—Review.**

Questions not presented to and determined by the trial court cannot be reviewed in the supreme court.—P. 366.

*Error to the District Court of the City and County of Denver.*

*Hon. John T. Shumate, Judge.*

Action by James A. Jackson, George R. Swallow, The Denver Savings Bank, G. B. Fishel, and Lizzie G. Porter, against the City of Denver, Charles S. Elder, county treasurer of Arapahoe county and *ex-officio* collector of defendant city, R. W. Speer, John Hartz and Oscar Reuter, constituting the board of public works of defendant city, and the John M. O'Rourke Construction Company. From a judgment for defendants, plaintiffs bring error.     *Affirmed.*

Decision *en banc.* CHIEF JUSTICE STEELE and Mr. JUSTICE CASWELL dissent on last question determined.

Mr. JOSHUA GROZIER, for plaintiffs in error.

Mr. HENRY A. LINDSLEY and Mr. H. L. RITTER, for defendants in error.

*Per Curiam:*  This is an appeal from a judgment rendered in an action commenced by plaintiffs in error against defendants in error to annul assessments levied upon the property of plaintiffs to pay the expense of local public improvements in what is known as the Grant, Logan and Seventh Avenues Paving District No. 1, of the City of Denver. There was judgment for defendants, from which the plaintiffs appeal.

The averments of the complaint upon which plaintiffs relied to establish their right to an annulment of the assessment in question were to the effect: (1) that certain steps required by the charter of the City of Denver had not been observed by the

city authorities in creating the district, ordering the improvements, and letting the contract therefor; and (2) that the board of public works, after the passage of the ordinance creating the district, and after the contract for the improvements was let, changed its orders and the plans and specifications for the improvements in the interest of the contractor, to the material damage of plaintiffs; that the improvements were not in accordance with the petition or contract; and that the board failed to withhold from the contractor, as liquidated damages, the sum fixed by the contract for failure to complete the work within the time agreed; (3) that the property of plaintiffs was not benefited by the improvements to the extent of the assessments; (4) that the charter provision assessing the cost of street and alley intersections upon abutting property one-half block in each direction from the paving, and permitting the owners of such property to join in the petition to create the district, is unfair and invalid, and that the provisions of the charter providing for the appointment of a board of public works by the governor, and investing them with the authority specified in the charter, is unconstitutional.

The ordinance assessing the property of plaintiffs with the expense of the improvements was duly passed, and their action was not commenced until more than thirty days thereafter.

That the action could not be maintained upon the grounds relied upon in the complaint other than those raising constitutional questions, is settled by the case of *City of Denver v. Campbell*, 33 Colo. 162, wherein it was held that the legislature has the power to prescribe the time within which actions to annul assessments levied against property for the cost of local public improvements in cities and towns shall be commenced; and that section 34, article 7, of the

charter of the City of Denver requires that all actions to annul assessments which do not involve constitutional rights must be commenced within thirty days after the passage of the assessing ordinance, or the right to question such assessments is waived.

All the questions sought to be raised by the complaint, except those summarized under 4, relate to statutory steps, alleged irregularities of the city authorities, and the question of benefits, or the amount which should have been assessed against each separate piece of property of plaintiffs; and the right to raise them is, therefore, waived, because an appropriate action for that purpose was not commenced within thirty days after the passage of the assessing ordinance.

It is argued for plaintiff that section 34 only applies to valid assessments. We do not think it is susceptible of this construction, for the reason that assessments which were concededly valid could not be successfully attacked by an action commenced within thirty days after the passage of the assessing ordinance. It is also urged that the construction of this section in the *Campbell case* deprives parties of their property without due process of law. This contention is clearly without merit, because, by virtue of section 34, and also section 62, as declared in the *Campbell case,* parties are given an opportunity to contest assessments by proceedings in court; but, according to the character of the proposition upon which they rely, they must commence their actions within the period specified in these sections, or they will be deemed to have waived their right to do so.

The constitutional questions sought to be raised are not argued, and we express no opinion upon them, further than to call attention to the case of *City of Denver v. Londoner,* 33 Colo. 104, wherein it

was held that the charter provisions respecting the creation and appointment of the board of public works were not unconstitutional.

We have not deemed it necessary to enter into a discussion of the many questions argued by counsel for plaintiffs in his brief, in view of the fact that they have all been discussed and disposed of adversely to his contention in the previous decisions of this court in cases involving public improvements and other cases, in some of which he, also, appeared as counsel.

To the complaint the city filed an answer in which it did not plead that the action of plaintiffs was barred by virtue of section 34, article 7, of the charter. At the commencement of the trial, counsel for the defendants orally objected to the introduction of any testimony, upon the ground that the action could not be maintained because of the bar of section 34. This motion was sustained, and the action dismissed. Counsel for plaintiffs contends that this was error, because the bar of the section could only be raised by written pleading. No question of this kind appears to have been urged upon the attention of the trial court, and so far as disclosed by the record, the only proposition argued below was whether or not the section did bar the action. We are, therefore, of the opinion that the question of whether it was raised by an appropriate plea or in apt time is not before this court for determination. The province of the supreme court is to review the questions presented to, and determined by, the trial court, and not to pass upon those raised for the first time here.

The judgment of the district court is affirmed.

Decision *en banc*.                                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CASWELL dissent from conclusion on last question determined.