## No. 13,078.

Driverless Car Company et al. *v.* Armstrong, Secretary of State.
(14 P. [2d] 1098)

Decided September 19, 1932.

Mr. JAMES R. HOFFMAN, for plaintiffs in error.

Mr. CLARENCE L. IRELAND, Attorney General, Mr. E. J. PLUNKETT, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE Driverless Car Company, and five other corporations engaged in the business of renting driverless cars, sought to restrain the secretary of state from enforcing against them subdivision (c) of section 29, subdivision

(c) of section 31, and section 103, chapter 122, Session Laws of 1931. To secure a reversal of the judgment dismissing their suit, they prosecute this proceeding, contending that those portions of the Motor Vehicle Act are unconstitutional.

Section 27 of the act requires motor vehicles, with certain exceptions, to be registered, and forbids the operation of unregistered motor vehicles upon the highway. Subdivision (c) of section 29 provides that if the owner rents or intends to rent the vehicle without a driver, it shall not be registered unless and until the owner shall agree to carry insurance, or cause insurance to be carried, as provided in section ''129'' of the act; or unless the owner shall demonstrate his financial ability to respond in damages for injury or death; or unless the owner shall furnish a surety bond in the same amount as that required in case of insurance. The number ''129'' is a mistake. Possibly the section intended is 103. That section provides, among other things, that the owner of a driverless car shall carry, or cause to be carried, public liability insurance in the amounts specified, insuring the renter against liability arising out of the renter's negligence. Subdivision (c) of section 31 provides that there shall issue for every passenger motor vehicle, rented without a driver, the same type of number plates as that issued for private passenger vehicles.

■■ 1. Section 21, article 5, of the state Constitution provides: ''No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed.'' Counsel for the plaintiffs in error contends that by virtue of that section the provisions in question are void because not clearly expressed in the title to the act. That title reads: ''An act relating to motor and other vehicles, providing

a penalty for the violation thereof and repealing all acts and parts of acts in conflict therewith.''

If legislation in the body of a statute is germane to the general subject expressed in the title; if it is relevant and appropriate to such subject, or is a necessary incident to the object of the act, as expressed in the title, it does not violate this provision of the Constitution. One test is ''whether the legislation in the body of a bill is upon matters properly connected with its subject, as expressed in its title, or proper to the more full accomplishment of the object so indicated.'' In the title, particularity is neither necessary nor desirable; generality is commendable. In *Edwards v. Denver & R. G. R. Co.,* 13 Colo. 59, 65, 21 Pac. 1011, we said: ''The purpose of this constitutional provision is to prevent surprise and deception through legislation pertaining to one subject under a title relating to another. But it would be unreasonable as well as dangerous to require that each and every specific branch or subdivision of the general subject of an act be enumerated by its title. In reciting the several subordinate matters referred to, the hazard of violating that part of the provision which prohibits the treatment of more than one subject in the act is incurred; and, as a rule, it is wiser and safer not to attempt such enumeration, but to select an appropriate general title, broad enough to include all the subordinate matters considered.''

The title to the act is sufficiently broad to cover the provisions challenged in this suit.

■ 2. Counsel for the plaintiffs in error contends that the provisions in question offend against section 25, article 5, of the state Constitution, forbidding the passage of a special law where a general law can be made applicable. The point is not well taken. The law is general, and is uniform in its operation upon all in like situation, and therefore is not special within the meaning of that section of the Constitution. *Rifle Potato Growers Co-operative Association v. Smith,* 78 Colo. 171, 240 Pac.

937; *People v. Earl,* 42 Colo. 238, 94 Pac. 294; and *Allen v. Bailey,* 91 Colo. 260, 14 P. (2d) 1087, just decided.

██ 3. It is urged that the provisions in question offend against the provision of the Fourteenth Amendment to the Constitution of the United States forbidding a state to make or enforce any law denying any person the equal protection of the laws. The argument in support of this objection challenges the classification adopted by the legislature. But to constitute class legislation within the constitutional prohibition, the classification must be unreasonable. The question of classification is primarily for the legislature. Courts will not interfere with the legislative classification unless it appears that there is "no fair reason for the law that would not equally require its extension to the excepted class." *Watson v. Maryland,* 218 U. S. 173, 30 Sup. Ct. 644; 6 R. C. L., pp. 384, 385. In the matter of classification, the legislature has a wide range of discretion. *Rifle Potato Growers Co-operative Association v. Smith, supra;* 6 R. C. L., p. 384.

We do not think that the legislature acted unreasonably in imposing upon driverless car owners alone the requirements found in the challenged provisions of the act. Such provisions were enacted in the exercise of the police power in an effort to secure safety for person and property by regulating the use of the public streets and highways. The legislature may well have believed that one who has no pecuniary interest in the automobile he drives has less inducement to drive carefully upon the public thoroughfares, and is more likely to become a menace to person and property, than one who has such pecuniary interest. We cannot say that the legislative classification "is capricious, arbitrary, or so lacking in foundation as to contravene the equal protection clause" of the Fourteenth Amendment. *Hodge Drive-It-Yourself Co. v. City of Cincinnati,* 123 Ohio 284, 175 N. E. 196; affirmed in 284 U. S. 335, 52 Sup. Ct. 144. In the opinion of the United States Supreme Court in that case, it is

said that "the claim of repugnancy to the equality clause cannot be supported by mere speculation or conjecture." That statement is pertinent here.

■ 4. Another contention is that the questioned provisions constitute an unreasonable interference with a purely private business. As we view it, the provisions do not constitute an interference with, or a regulation of, a business that has no relation to matters of public concern. On the contrary, they rest upon the unquestioned power of the state, in the interests of public safety, to prescribe the terms upon which it will permit the use of the public highways to carry on business for gain. *Hodge Drive-It-Yourself Co. v. City of Cincinnati,* 284 U. S. 335, 52 Sup. Ct. 144.

5. The provisions in question do not operate to deprive the plaintiffs in error of property without due process of law (Hodge case, supra), nor do they abridge their privileges and immunities, in violation of the Fourteenth Amendment.

■ 6. Such provisions do not offend against any of the following provisions of our state Constitution: Section 3, article 2, concerning the right to acquire, possess and protect property; section 11, article 2, concerning laws impairing the obligation of contracts; section 14, article 2, concerning the taking of private property for private use; section 15, article 2, concerning the taking or damaging of private property for public or private use; section 28, article 2, concerning rights retained by the people.

7. Counsel for the plaintiffs in error vigorously attacks the constitutionality of that part of section 103, S. L. 1931, providing that if the owner of a driverless car does not carry, or cause to be carried, the required insurance, he "shall be jointly and severally liable with the renter for any damages caused by the negligence of the latter, in operating the vehicle and for any damages caused by the negligence of any person operating the vehicle by or with the permission of the person so rent-

ing the vehicle from the owner.'' That question is not involved in this suit. Here it is sought to restrain the secretary of state from enforcing certain provisions of the act. The enforcement of this provision does not devolve upon him. In an action against a driverless car owner, brought by one who claims to have suffered damages in the circumstances above described, the owner would be entitled to raise the question; he cannot do so in this suit.

It must be understood, of course, that in this opinion we have considered the constitutionality of those provisions only that the plaintiffs in error have challenged, and are entitled to challenge, in this suit.

The judgment is affirmed.