## Commonwealth v. Ford

*Joseph W. Ray, Jr.,* for Commonwealth.
*Higbee, Lewellyn & Higbee,* for defendant.

CARR, J., August 21, 1945.—This is an action of assumpsit brought by the Commonwealth of Pennsylvania, Department of Highways, to recover the cost of restoring and replacing a section of a highway under its jurisdiction alleged to have been damaged by the movement thereon of a steam shovel weighing 120,000 pounds, without a permit, contrary to the provisions of The Vehicle Code of May 1, 1929, P. L. 905, art. IX, sec. 905, as last amended by the Act of June 5, 1937, P. L. 1718, sec. 1, 75 PS §455. Upon the filing of an affidavit of defense containing general denials, plaintiff took a rule for judgment for want of a sufficient affidavit of defense. The parties have now stipulated that the affidavit of defense and the rule for judgment shall be treated and construed as an affidavit of defense raising the following question of law: Is a steam shovel moving under its own power a vehicle within the contemplation of section 905 of the Vehicle Code?

The word "vehicle" as used in the Vehicle Code is defined by section 102 thereof, 75 PS §2, as meaning "Every device in, upon, or by which any person or property is or may be transported or drawn upon a public highway, excepting tractors, agricultural machinery, devices moved by human power or used exclusively upon stationary rails or tracks . . ." It seems clear that a steam shovel is not within any of the specific exceptions above enumerated. A "tractor" is defined by section 102 of the Vehicle Code as meaning every vehicle of the tractor type as defined by the Tractor Code, wherein power shovels are expressly excluded: Act of May 1, 1929, P. L. 1005, art. I, sec. 102, as last amended by the Act of August 5, 1941, P. L. 851, sec. 1, 75 PS §862. Nor is a steam shovel a piece of "agricultural machinery", since it is not used for plowing, threshing, or any agricultural purpose. Obviously, it is not a device moved by human power or used

upon a stationary rail or track. Accordingly, to be a vehicle the steam shovel must be a "device in, upon, or by which any person or property is or may be transported or drawn upon a public highway".

The contention of defendant is that a steam shovel is not designed for the transportation of persons or property, or capable of such use. It is to be seen, however, that the machine is not merely a shovel; the entire underpart is a carriage for moving the shovel from one place to another. The tracks, the power plant, and the connecting mechanism serve as the means, and therefore constitute, in our opinion, a device by which the shovel is and may be transported upon the highway. The fact that the shovel is permanently attached to the carriage cannot alter the essential nature of the latter; the assembly consists of two parts designed for different uses. It is reasonable to think that the legislature intended, by its definition of the term "vehicle", to refer to all devices of the kind commonly signified by that expression, whether or not united with a device for some other purpose, except those specifically excluded. For example, in section 102 of the Vehicle Code where the word "tractor" is defined as a vehicle of the tractor type, the legislature thought it necessary to make express exception for a power shovel. Had the legislature not intended a power shovel to be regarded as a vehicle, the exception would have been superfluous: cf. Healy et al. v. Philadelphia, 321 Pa. 488; Peterson et al. v. King County, 90 P. (2d) 729 (Wash.) ; The People v. Rapini et al., 107 Colo. 363, 112 P. (2d) 551 (Colo.).

*Order*

And now, August 21, 1945, the question of law raised by the affidavit of defense as stipulated by the parties is decided against defendant, and he may file a supplemental affidavit of defense to the averments of fact contained in the statement within 15 days.