The People of the State of Colorado v. John Lee Milnes

No. 26236

The People of the State of Colorado v. John Lee Milnes, a/k/a John Lee Milner, Robert Patrick Ruiz, a/k/a Bob Ruiz, and Mike Marchesi

No. 26237

The People of the State of Colorado v. John Lee Milnes, a/k/a John Lee Milner, Americo James Canale, a/k/a James Canale, and Waldo Paul Muniz

(527 P.2d 1163)

Decided November 4, 1974.

410

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellant.

Walter L. Gerash, P.C., Fischer and Kenison, Louis M. Fischer, for defendant-appellee John Lee Milnes.

Kenneth A. Padilla, for defendant-appellant Robert Patrick Ruiz.

David B. Savitz, for defendant-appellee Mike Marchesi.

Ashen & Fogel, Marshall A. Fogel, Robert A. Wagner, for defendant-appellee Americo James Canale.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

In one information the defendant Milnes is charged with felony-theft. This is involved in our number 26235. In a second information the defendants Milnes, Ruiz and Marchesi are charged with felony-theft and conspiracy to commit theft, being here under the number 26236. In a third information the defendants Milnes, Canale and Muniz are charged with felony-theft, aggravated robbery, and conspiracy to commit aggravated robbery, here under the number 26237. The People seek to introduce in the trial of these cases evidence obtained by electronic interception (wiretapping). Judge McAuliffe of the district court granted the motion to suppress and the People have taken these interlocutory appeals, which are consolidated here. We reverse the ruling.

Judge Kingsley of the district court authorized the interception under 1971 Perm. Supp., C.R.S. 1963, 39-24-2, *et seq. as amended,* (Colo. Sess. Laws 1972, ch. 45, 39-24-2 *et seq.* at 269 ff.) The order permitting interception was based upon an application and supporting affidavit relating to the crimes of burglary and conspiracy to commit burglary. These crimes are "tapable" offenses under the statute above cited. The crimes of theft and conspiracy to commit theft are not tapable crimes.

In his order Judge Kingsley made a finding that normal investigative procedures had been tried and failed and that continued use of these or other normal investigative procedures reasonably appeared to be unlikely to succeed. He found also that further information from confidential sources was not obtainable and "too dangerous for these informants to obtain."

The application for the wiretap order was signed by the district attorney. Following the interception a deputy district attorney made application for orders authorizing the use in evidence of the contents of the interception relating to a felony theft, aggravated robbery and conspiracy to commit those offenses. Judge Kingsley entered orders granting the applications in the three cases.

Judge McAuliffe granted the motions to suppress on two

grounds: (1) the failure of the district attorney to sign the supplemental use application personally; and (2) the application and affidavits upon which the wiretap order was predicated did not support the finding that investigative procedures were tried and failed and reasonably appeared to be unlikely to succeed if tried.

Judge McAuliffe ruled against the defendants as to the following issues:

1. Constitutionality of the statute authorizing electronic interceptions;

2. Presence or lack of probable cause sufficient to support the order authorizing the tap;

3. Use of evidence obtained relating to non-tapable crimes. We will not discuss a further ruling unfavorable to the defendants relating to the type of application for supplemental authorization of use of evidence, as it has no merit.

## I.

■ As in *People v. Martin,* 176 Colo. 322, 490 P.2d 924 (1971), it is argued that the statute is violative of the Fourth Amendment's prohibition against unreasonable searches and seizures. In *Martin* we held the statute constitutional, and we are asked to overrule that decision. This is a cumbersome act under which it is difficult to work.[1] Nevertheless, we do not elect to overrule *Martin. See United States v. Tortorello,* 480 F.2d 764 (2nd Cir. 1973); *United States v. Cafero,* 473 F.2d 489 (3rd Cir. 1973); *United States v. Cox,* 449 F.2d 679 (10th Cir. 1971), *cert. den.* 406 U.S. 934, 92 S.Ct. 1783, 32 L.Ed.2d 136 (1972). The fact that the statute has been amended since *Martin* was announced does not change our ruling.

■ The question of unconstitutional invasion of the defendants' privacy was not discussed in *Martin.* We hold that the statute is not unconstitutional for this reason. In *United States v. Leta,* 332 F. Supp. 1357 (M.D. Pa. 1971) the court balanced private and public interests, holding:

---

[1] This is not the fault of the Colorado General Assembly as our Act is patterned after the federal law. Title III, Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.*

"[T]he benefits to society from crimes solved or frustrated by the use of wiretapping pursuant to Title III outweigh the limited invasion of privacy sanctioned by Title III."
*See* also, *United States v. Cox,* 462 F.2d 1293 (8th Cir. 1972); *United States v. Sklaroff,* 323 F. Supp. 296 (S.D. Fla. 1971); and *United States v. La Gorga,* 336 F. Supp. 190 (W.D. Pa. 1971).

## II.

■ The defendants argue that the probable cause requirements of the statute were not met and that the facts supporting the original order were not sufficient.

Judge Kingsley, in an ex parte hearing, and Judge McAuliffe, in an adversary hearing, both made findings of probable cause based upon the facts stated in the affidavit attached to the application. In *People v. Peschong,* 181 Colo. 29, 506 P.2d 1232 (1973), we stated:

"The standards of probable cause for issuance of a search warrant based on information given to an affiant police officer by an unidentified informant are set forth in *Spinelli v. United States,* and *Aguilar v. Texas,* [citations omitted]. Under the *Aguilar-Spinelli* test the affidavit must: (1) allege facts from which the issuing magistrate could independently determine whether there were reasonable grounds to believe that illegal activity was being carried on in the place to be searched; and (2) set forth sufficient facts to allow the magistrate to determine independently if the informer is credible or the information reliable."

This rule is applicable here.

■ The magistrate must be free to draw the inferences that reasonable men draw from evidence. *Johnson v. United States,* 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). Judge McAuliffe carefully reviewed the contents of the affidavit in light of our holding in *Peschong, supra.* Except as to the matter of investigative procedures discussed later, he correctly ruled that the facts set forth were sufficient to support a determination of probable cause.

## III.

Defendants argue that 39-24-2(1), limiting the original

order for interception to certain designated offenses, precludes the later use in evidence of interceptions relating to other felonies, which are neither included in 39-24-2(1), nor named in the original order for wiretapping. Defendants rely upon the following language:

"Anything to the contrary notwithstanding, an ex parte order for wiretapping or eavesdropping may be issued only for a crime specified in this subsection . . . ." 39-24-2(1)(j)

■ We think that 39-24-2(15) is not in conflict with the provision above, as contended by the defendants. It states:

"When an investigative or law enforcement officer, while engaged in intercepting wire or oral communications in the manner authorized in this section, intercepts wire or oral communications relating to an offense other than one specified in the order of authorization or approval, the contents thereof, and evidence derived therefrom, may be disclosed or used . . . only if an offense other than one specified in the order is an offense which constitutes a felony under Colorado statutes . . . . [and] only when authorized or approved by a judge of competent jurisdiction, when such judge finds on subsequent application that the contents were otherwise intercepted in accordance with the provisions of this section. Such application shall be made as soon as practicable."

Thus evidence of a non-designated offense obtained in the course of a lawful wiretap may be later used, if the offense constitutes a felony, and if such use is authorized and approved by a judge of competent jurisdiction.

We quote with approval the analysis in the reply brief of the People:

"First, Legislative intent must be given effect wherever possible. *People v. Sneed,* 183 Colo. 96, 514 P.2d 776 (1973).

"Second, statutory provisions must be harmonized if possible. *People v. Rapini,* 107 Colo. 363, 112 P.2d 551, 134 A.L.R. 545 (1941).

"Third, the presumption is that the legislature intended to give meaning to every part of a statute; and the court, if

possible, will give effect to every part. *McMillin v. State,* 158 Colo. 183, 405 P.2d 672 (1965)."

The *American Bar Association's Standards of Criminal Justice Relating to Electronic Surveillance* at 145 would authorize subsequent use of evidence of other offenses than those designated in the statute. We think it would be unreasonable and unrealistic to suppress evidence of other crimes, which was obtained through the interception, simply because they are not designated originally in the statute.

■ We are aware of the fear that wiretap orders will be sought naming designated offenses but intending that evidence of nondesignated offenses will be obtained which later may be used. Courts should not hesitate to suppress evidence obtained where the investigation of designated offenses is used as a subterfuge to obtain evidence not otherwise available. We believe that the good faith requirements, as well as the statutory requirements of probable cause, are sufficient safeguards of the defendants' rights in this regard.

## IV.

■ The trial court held that the application for subsequent use of evidence derived from the interception of communications must be signed personally by the district attorney and that, since in this case it was not, suppression is appropriate. We disagree. Though we see suppression as the appropriate remedy if there is not compliance with the wiretap statute and a defendant is thereby prejudiced, we do not read the requirement of a personal application by the district attorney into the statute.

There is no doubt that the district attorney must personally initiate the wiretap according to the plain language of 39-24-2(1)(a), and that he must apply personally for any extension of the duration of the wiretap under 39-24-2(6). However, the provision for supplemental use, 39-24-2(15), contains no such requirement. The fact that the legislature made the requirement as to the original application and for an extension thereon and not as to the supplemental application is significant. The provision for supplemental use does require an application to the court, and its approval,

before use of the unexpected evidence. We believe this is sufficiently protective of the rights of the defendant.

"Such subsequent application would include a showing that the original order was lawfully obtained, that it was sought in good faith and not as a subterfuge search, and that the communication was in fact incidentally intercepted during the course of a lawfully executed order." *U.S. Code Cong. and Admin. News* 1968, p. 2189.

### V.

The wiretap statute authorizes the judge to issue an order for interception of communications if he determines from the facts submitted that "Normal investigative procedures have been tried and have failed, or reasonably appear to be unlikely to succeed if tried, or to be too dangerous . . ." 39-24-2(4)(d). Judge Kingsley made the finding that normal investigative procedures had failed, but Judge McAuliffe found to the contrary and ordered suppression.

Judge McAuliffe stated in his findings:

"It is apparent from the affidavit that surveillance of John Milnes reasonably appears unlikely to succeed if tried as the judgment of several experienced police officers is entitled to credibility. It also appears that the use of the informants' testimony has been requested and refused, so at least this normal tool has failed. Further, there is a credible suggestion that undercover agents would be in danger. The question for this court is whether this is enough under the direction of the statute to justify the finding and following interception."

\* \* \* \*

"Did the authorities go far enough to satisfy the statute?"

Judge McAuliffe then adopted a view of wiretapping as "a last resort," to be used "only after reasonable attempts at pursuing all reasonable leads" have been exhausted. It is our view that this is too strict. Several federal district courts have ruled on this question and have arrived at a standard less strict than the one applied by Judge McAuliffe:

"The purpose of the exhaustion requirement is not to compel the State to employ every *possible* conventional technique, but merely to inform the authorizing judge of the difficulties

418

encountered, and the lack of success in using conventional investigatory methods. 1968 U.S. Code Cong. and Admin. News, p. 2190; *United States v. King,* 335 F. Supp. 523 (S.D. Cal., 1971)." *United States v. Lanza,* 349 F. Supp. 929 (M.D. Fla., 1972).

*United States v. Staino,* 358 F. Supp. 852 (E.D. Pa., 1973); *United States v. Askins,* 351 F. Supp. 408 (D. Md., 1972).

We adopt the latter standard. The showing made by the application and affidavit sufficiently supports Judge Kingsley's findings.

The ruling of the trial court is reversed and the cause is remanded with directions to overrule the motion to suppress.

MR. CHIEF JUSTICE PRINGLE dissents.

MR. JUSTICE HODGES does not participate.