Mr. Joseph F. Dolan Executive Director Department of Revenue State Capitol Annex 1375 Sherman Street Denver, Colorado 80203
Dear Mr. Dolan:
QUESTION PRESENTED AND CONCLUSION
You have requested my opinion on the following question:
Can a sales tax be imposed on the printed statutes, rules, regulations and other items sold to the public by the Department of Revenue?
 In my opinion, the Colorado Legislature in adopting the Sales Tax Act did not intend that the State of Colorado, its departments and agencies, collect taxes on sales of government publications.
ANALYSIS
The state sales tax is imposed pursuant to the Emergency Retail Sales Tax Act of 1935, C.R.S. 1973, 39-26-101 et seq. Section 39-26-104(1) provides that "(t)here is levied and there shall be collected and paid a tax . . . on the purchase price paid or charged upon all sales and purchases of tangible personal property at retail . . . ." In C.R.S. 1973, 39-26-105, the method of collection is delineated: "(1)(a) Every retailer, also in this part 1 called "vendor" shall, irrespective of the provisions of section 39-26-106, be liable and responsible for the payment of an amount equivalent to three percent of all sales made by him of commodities or services as specified in section39-26-104 . . . ."
In C.R.S. 1973, 39-26-102(8), the definition of "retailer" and "vendor" is set out: "`Retailer' or `vendor' means a person doing a retail business, known to the trade and public as such, and selling to the user or consumer, and not for resale." Only "retailers" or "vendors" are required to collect the tax and submit returns to the State. The State does not appear to be a "vendor" or "retailer" as those terms are defined in the Sales Tax Act because the State does not engage in "business," which "includes all activities engaged in or caused to be engaged in with the object of gain, benefit, or advantage, direct or indirect." C.R.S. 1973, 39-26-102(2).
As stated in J. A. Tobin Constr. Co. v. Weed, 158 Colo. 430,435, 407 P.2d 350, 353 (1965), "In construing a statute it is our duty to give consistent, harmonious and sensible effect to all its parts." Statutes which are subject to interpretation should not be construed in such manner as to lead to absurd results. People v. Rapini, 107 Colo. 363, 112 P.2d 551
(1941). If your question were answered in the affirmative, it would create the incongruity of one department of the state (the revenue department) requiring itself and all the other departments and agencies that make sales to obtain a vendor's license. Furthermore, if a state agency were licensed to collect sales tax and the collections were not remitted, the revenue department, under the law, would be authorized to distrain upon the vendor's property and sell it at auction for the taxes due. C.R.S. 1973, 39-26-117(3)(a). The State's only remedy would be to distrain upon its own property.
Thus, although a literal reading of the act might include sales of government publications, the incongruous effect of such coverage and the definitions of "retailer" and "vendor" lead me to conclude that it was not within the intended scope of the act.
SUMMARY
Sales taxes cannot be imposed on the sale of state publications by the state.
Very truly yours,
 J.D. MacFARLANE Attorney General
TAXATION AND REVENUE
C.R.S. 1973, 39-26-101
C.R.S. 1973, 39-26-104(1) C.R.S. 1973, 39-26-105(1)(a) C.R.S. 1973, 39-26-102(8) C.R.S. 1973, 39-26-117(3)
REVENUE, DEPT. OF Taxation, Div. of
Sales taxes cannot be imposed on the sale of state publications by the state.