### In re ROCHE.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. MUNICIPAL CORPORATIONS (§ 200*)—EMPLOYÉS—PENSIONS.

Consolidation Act (Laws 1882, c. 410) § 442, provided that members of the uniformed fire force appointed after May, 1880, should after four years' service be advanced to the first grade at a salary of $1,000. By Laws 1907, c. 547, the enumeration embraced pilots of fire boats. Petitioner was appointed a pilot of a fire boat in 1887 at a salary of $1,200 a year, and was subsequently increased to $1,500 a year, and, when appointed, was given a warrant designating him as an ununiformed pilot, and he never took an oath of office as required of the uniformed force by Consolidation Act, § 439. Held, that petitioner had been a member of the uniformed fire force only from 1907, and hence was not entitled to a pension as having been a member of such force since 1887.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 547; Dec. Dig. § 200.*]

2. WORDS AND PHRASES—"PENSION."

A pension is a stated and certain allowance made and granted by the government for valuable services performed in its behalf. It is a reward for continuous faithfulness in the discharge of public duty, and is a compensation for the hazard of the employment.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 6, p. 5280.]

Appeal from Special Term, Kings County.

Mandamus on the application of Patrick K. Roche to compel Rhinelander Waldo, as Fire Commissioner of New York City, to place petitioner on the pension roll of the fire department. Appeal by petitioner from an order denying the application. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, CARR, JENKS, and THOMAS, JJ.

F. A. McCloskey, for appellant.
James D. Bell (John B. Shanahan, on the brief), for respondent.

WOODWARD, J. The petitioner was appointed under civil service regulations as a pilot for one of the fire boats of the city of New York in 1887, and has served continuously as such pilot up to the present year; when he made an application to be retired upon a pension. His application was duly acted upon, and he was retired from the service with an annual pension of $500. This is one-third of his annual salary as pilot, and the petitioner moved the court to compel the commissioner of the fire department to place him upon the pension roll at $750 per year, or one-half his regular salary. If the petitioner has,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

in fact, served 20 years or more as a member of the uniformed fire department, it is not questioned that he would be entitled to one-half of his regular salary. There is no dispute that he has acted as pilot, running one of the fire boats, for more than 20 years, but the respondent claims, and properly we believe, that the petitioner has been a member of the uniformed fire force only from the year 1907, and his retirement being upon the ground of physical disability, not brought about by reason of anything happening during the time of his service, the pension is properly fixed at $500 per year.

When the petitioner was appointed in 1887, section 442 of the consolidation act (chapter 410, Laws 1882) was in force. This section provided that:

The "salary attached to either of the following positions in the fire department shall not exceed the sum here designated as the maximum salary of such position when held by any person appointed to the uniform force of said fire department after May twenty-ninth, eighteen hundred and eighty: For chief of battalion, two thousand dollars; for a foreman, fourteen hundred dollars; for an assistant foreman, thirteen hundred dollars; for an engineer of steamers, twelve hundred dollars; for an assistant engineer of steamers, eleven hundred dollars. The members of the uniform force, appointed after May twenty-ninth, eighteen hundred and eighty, shall, on their appointment, become members of what shall be known as the third grade, at a salary of eight hundred dollars per year; after two years of service in such third grade, they shall, if their conduct and efficiency have been satisfactory, be advanced to what shall be known as the second grade, at a salary of nine hundred dollars per year; after two years' service in such grade, they shall, on like conditions, be advanced to what shall be known as the first grade, at a salary of one thousand dollars per year. But no member of such uniformed force shall be so advanced, as aforesaid, except after examination and approval of his record, efficiency, and conduct by the board of fire commissioners."

It is not claimed that the petitioner was appointed to any of the offices enumerated in this section, nor that he entered the uniformed force as a member of the third grade at a salary of $800 per year. On the contrary, he was appointed a pilot in 1887 at a salary of $1,200 per year, $200 more than a first-grade member of the uniformed force, and was subsequently increased to $1,500 per year, and at the time of his appointment he was given a warrant of appointment which specifically designated him as an "ununiformed pilot," such warrant being required by the provisions of section 438 of the consolidation act. The petitioner never took an oath of office, such as was required of members of the uniformed force by the provisions of section 439 of the consolidation act. Provisions of a similar character in so far as they enumerated the officers and members of the uniformed force are contained in chapter 234 of the Laws of 1884 and in the Greater New York charter and the revised charter, and it was not until the adoption of chapter 547 of the Laws of 1907 that the enumeration embraced, "pilots of fire boats, who shall continue to receive annual salaries as now provided by law."

It is doubtless true, as suggested by the learned counsel for the petitioner, that Mr. Roche occupied a position analogous to that of a driver of a fire engine, but the difficulty with his case is that he was never made a member of the uniformed force. If he had entered the de-

partment as a third grade fireman, and had been assigned to duty as a pilot of the fire boat at the salary fixed for firemen of that grade, and had been from time to time promoted to the various grades provided by law, he would be entitled to the relief demanded; but he did nothing of the kind. He did not start in at the bottom and climb upward. He stepped into the position of ununiformed pilot, at a salary in advance of any of the members of the uniformed force, except the officers, and he continued to hold that position, under that designation, until the law read him into the uniformed force in 1907, and he has no equitable right to step in now and ask for a pension based upon the service for which he was paid more than other men in the service during the past 20 years. For years he held a position which paid him largely in excess of that received by ordinary firemen, and accepting the definition of a pension suggested by the petitioner's counsel, that it "is a stated and certain allowance made and granted by the government for valuable services performed in its behalf; it is a reward for continuous faithfulness in the discharge of public duty, and is a compensation for the hazard of the employment," the petitioner is not entitled to what he asks. He has had, in his excessive payments over those of the uniformed force, the compensation for the hazard of his employment. He is probably entitled to the pension of $500, having been a member of the uniformed force since 1907, and being within the conditions prescribed for the payment of such pensions, but he is not entitled to occupy the position of one who has served more than 20 years, in the uniformed service, for he has been paid for the hazard of the employment which the pension was designed to afford. Neither in law nor in equity is the petitioner entitled to the relief demanded, and the order is correct.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.