# CASES DETERMINED

## January Term, 1918.

---

STATE EX REL. BOARD OF TRUSTEES OF THE POLICEMEN'S
PENSION FUND OF THE CITY OF OSHKOSH, Respondent,
vs. CITY OF OSHKOSH and others, Appellants.
SAME, Appellant, vs. SAME, Respondents.

*October 26, 1917—January 5, 1918.*

*Municipal corporations: Policemen's pension fund: Statute construed:
What "fees" belong to fund.*

1. The policemen's pension fund law (secs. 925—52*h* to 925—52*v*,
   Stats.) was intended to promote efficiency and encourage con-
   tinuity of service in the police departments in cities of the state,
   and it should be given a construction in harmony with that pur-
   pose.
2. The word "fees" in sec. 925—52*m*, Stats., is not limited, under the
   maxim *Noscitur a sociis*, to fees in the nature of rewards or
   gratuities, but includes fees earned by police officers for services
   by them rendered for arrest and travel in service of warrants,
   service of subpœnas, attendance at court, and custody of offend-
   ers; and such fees belong to and constitute a part of the police
   pension fund, even in cities where the police officers are paid by
   salaries and such fees are required by law to be paid into the
   city treasury.
3. The exception in said sec. 925—52*m*, "except when allowed to be
   retained by said member [of the police department] by resolu-
   tion of said [pension] boards," may well have been intended to
   apply to cities in which, under special charters, police officers
   are compensated partly by salaries and partly by fees.  In any
   event it does not authorize a pension board, in a city where
   police officers are paid wholly by salary, to divert the fees above
   mentioned from the pension fund by paying them to the individ-
   ual officers for whose services they were taxed.
4. Said sec. 925—52*m*, Stats., deals only with such officers' fees as
   have been paid and are in the possession either of the court or
   of the city treasurer.  It does not apply to cases where, the de-

392    SUPREME COURT OF WISCONSIN.    [Jan.

State ex rel. Board of Trustees v. Oshkosh, 166 Wis. 391.

fendant being found not guilty, the fees in question are not taxed or paid.

5. Amounts taxed as costs and collected from convicted offenders in city and state cases for the use, in conveying such offenders, of a patrol wagon maintained at city expense and furnished to the police department for such purposes, are not "fees" within the meaning of said sec. 925—52m, Stats., and do not belong to the police pension fund.

VINJE and MARSHALL, JJ., dissent.

APPEALS from a judgment of the county court of Winnebago county: FRED BEGLINGER, Judge. *Affirmed.*

*Mandamus* to compel the city treasurer, mayor, and councilmen of the city of *Oshkosh* to transfer certain funds in the city treasury to the police pension fund. *Oshkosh* is a commission governed city of the third class, and since 1907 the city has maintained a permanent police pension fund, pursuant to secs. 925—52h to 925—52v, Stats. Since 1912, by direction of the mayor, the funds hereinafter described have not been transferred to the police pension fund. These facts appear without dispute. Upon the disputed facts the court found as follows, and the findings are not challenged:

"(1) That from the time of the enactment in the year 1907 of the policeman's pension fund law (sec. 925—52h to sec. 925—52v, inclusive) to the commencement of this action there has been collected by the municipal court of the city of *Oshkosh,* as costs taxed by said court against convicted persons for fees of police officers of the city of *Oshkosh* for services by them rendered for arrest and travel in service of warrants, attendance at court and custody of offenders, and for the service of subpœnas in said actions, the following amounts:

"(a) In city cases:
(Prosecutions under city ordinances) $2,614 46

"(b) In state cases:
(Prosecutions under state statutes)..  1,261 77
For searching ............ $15 00
For inquest ............. 17 16
                                    ⸻
                                    32 16

"(2) That in city cases for prosecutions under city ordinances the said sums so collected were by the officers of the municipal court paid to the city of *Oshkosh,* the payment being made to the city treasurer, who gave his official receipt therefor.

"(3) That in state cases for prosecutions under state statutes, and for the items 'searching' and 'inquest,' said sums were paid by the county of Winnebago to the city of *Oshkosh,* payment being made to the city treasurer, who gave his official receipt therefor.

"(4) That all of said sums are now in the hands of the city treasurer of the city of *Oshkosh* and are carried on the books of said city partly in the general purpose fund and partly in the municipal court fund, and said moneys are in said funds.

"(5) That the city of *Oshkosh* withheld the sum of one hundred fifty dollars ($150) from the salary of police officer Putzer, now deceased, on account of time lost by him from duties by reason of sickness, and that the said sum is now in the hands of the city treasurer and has not by him been paid into the policeman's pension fund.

"(6) That said municipal court collected from convicted offenders in city and state cases the total of seven hundred sixty-five dollars and twenty-five cents ($765.25), taxed as costs for conveyance. Said amount was for use of the patrol wagon in conveying arrested persons; the said patrol wagon was maintained at city expense and by the city of *Oshkosh* furnished the police department for such purposes, and when so used it was manned by one or more police officers, members of the police department of said city.

"(7) That by force of sec. 925—52h to sec. 925—52v, inclusive, of the Wisconsin Statutes, same being the policeman's pension fund law, all the moneys mentioned and referred to in finding number one (1) and in finding number five (5) belong to and constitute and are a part of the policeman's pension fund, and it is the duty of the city treasurer to set apart and keep said moneys in the policeman's pension fund separate and apart from the city funds, and for the benefit, use, and lawful disposition of the plaintiff *Board of Trustees.*

"(8) That the moneys for conveyance, amounting to

$765.25, mentioned and referred to in finding number six (6), are not a part of the policeman's pension fund and do not belong thereto, and plaintiff *Board of Trustees* is not entitled to the same."

Upon the undisputed facts and findings the trial court concluded that the moneys mentioned in findings numbers 1 and 5, amounting to $4,059.39, belong to and should be transferred to the police pension fund; that the moneys mentioned in finding number 6, amounting to $765.25, do not belong to the police pension fund; that the plaintiff *Board* is entitled to have set apart and kept in the police pension fund any sums of money taxed as costs in the municipal court in and for the city of *Oshkosh* and Winnebago county for fees for services of police officers for arrest and travel in service of warrants, service of subpoenas, attendance, and custody, as and when the same may be paid to the city of *Oshkosh* in the future, and granted the writ of *mandamus* prayed for. Judgment was entered accordingly. The defendants appeal from the whole of the judgment except that part awarding $150 to the fund. The plaintiff *Board* appeals from that part of the judgment denying to the *Board* the right to have $765.25 transferred to the police pension fund.

For the plaintiff there was a brief by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, and oral argument by *John F. Kluwin.*

*Frederic J. Eaton* of Oshkosh, for the defendants.

Rosenberry, J. The city of *Oshkosh* has a special charter. It is to be noted that in accordance with the provisions of sec. 11, ch. V, of this charter (Laws 1891, ch. 59), as well as by the provisions of sec. 925—71 of the general city charter law, fees of the kind in question do not under any circumstances belong to the officers earning them. Where officers are paid salaries, the fees must be paid into the city treasury.

Two questions are involved on this appeal: (1) Do the moneys mentioned in finding number 1, that is, fees earned by police officers for service by them rendered for arrest and travel in service of warrants, service of subpœnas, attendance at court, and custody of offenders, belong to and constitute a part of the police pension fund of the city of *Oshkosh?* (2) Do the moneys referred to in finding number 6, that is, moneys collected from convicted offenders in city and state cases and taxed as costs against the offenders for the use of conveyances furnished and maintained by the city of *Oshkosh,* belong to and constitute a part of the police pension fund?

The trial court held that the moneys earned by the police officers, as described in the first finding, do belong to the fund, and that the amount charged for the use of the city's conveyance did not belong to the fund. The determination of the question raised involves the construction and interpretation of secs. 925—52*i* and 925—52*m,* Stats., which are as follows:

"Section 925—52*i*. For the purpose of establishing a permanent police pension fund said common councils shall cause to be set apart and to be retained and set apart by the treasurers of such cities all moneys received from dog licenses and one per cent. of all moneys received from all other licenses. There shall be deducted from the monthly pay of each member of the police department a sum equal to one per cent. of such monthly pay, which shall be added to such fund; also all moneys deducted for time lost by members on account of sickness; and there shall also be paid and added to said fund all rewards earned and received by members of such departments, and all moneys received from sales of unclaimed property, and any and all moneys and property of every nature devised, bequeathed or donated thereto."

"Section 925—52*m*. All rewards in moneys, fees, gifts or emoluments that may be paid or given for or on account of any service of said police departments, or any member thereof, except when allowed to be retained by said member by resolution of said boards, or given to endow a medal or other permanent competitive reward, shall be paid into said fund and constitute a part thereof. . . ."

We have the benefit in this case of a very able and exhaustive opinion by the trial judge. We shall adapt it to our use here without expectation of improving upon it.

Defendants contend (1) that the word "fees" occurring in sec. 925—52m relates only to fees allowed and paid to police officers and which under the law as it stood when the police pension fund law was enacted they were entitled to retain and which were not required to be paid into the city treasury, and refer to witness fees allowed and paid to such officers and customarily retained by them as an instance of the kind of fees covered by this .section, and argue that, because by the charter of the city of *Oshkosh* the officers had no right to retain the fees which make up the fund in dispute, the fund in question does not belong to the pension fund; (2) that the meaning of the word "fees" and also of the succeeding words "gifts or emoluments" occurring in the section in question is limited by the words "all rewards" preceding them in the section; in other words, that fees in the nature of rewards are covered by the section.

If extended to express fully this meaning the section would read as follows: "All rewards in moneys, all rewards in fees, all rewards in gifts or emoluments that may be paid or given," etc. No doubt the general purpose of enacting this law was to promote efficiency and encourage continuity of service in the police departments in cities of the state, supplementing in that behalf the earlier statute providing a civil service system for such departments. In construing it, therefore, it should be given a construction in harmony with this purpose and one which will fairly realize the legislative purpose. The construction placed upon this statute by the trial court is that placed upon it by at least eight cities in which the statute is applicable. It has not, however, received such a practical construction as would warrant us in departing from the clear language of the statute in order to conform thereto. The proposition that the words "fees, gifts or emol-

State ex rel. Board of Trustees v. Oshkosh, 166 Wis. 391.

uments" 'are simply explanatory of the words "rewards in moneys" is reached by an application of the maxim *"Noscitur a sociis."* No doubt the word "reward" and the word "fee" in some relationships have substantially the same meaning. The question here is, What did the legislature intend by the language used? The law contains a provision which makes it amendatory of the charters of cities of the second and third classes and repeals the provisions of such charters so far as they are in conflict with the law. There is a clear purpose on the part of the legislature to divert from the funds to which they had theretofore belonged certain moneys for the purpose of creating the pension fund in question. Taking into consideration the purpose of the act and the language used, we are of the opinion that by the word "fees" was meant those sums which are customarily paid to police officers for services rendered by them and which by law are required to be paid into the city treasury; that is, fees obtained by police officers for services by them rendered for arrest and travel in service of warrants, service of subpœnas, attendance at court, and custody of offenders, as was found by the trial court, being substantially the equivalent of the word "costs" as used in the last clause of sec. 925—71. It may be said in this connection that by the provisions of the charter of the city of *Oshkosh* police officers have and possess all the common-law and statutory .powers of constables. Sec. 844, Stats. 1915, provides that when a fee is allowed to a constable the same fee shall be allowed to other officers for the performance of the same service when such officer is authorized to perform such service.

The language of the exception in sec. 925—52*m* is peculiar when read in connection with the general charter law or with the charter of the city of *Oshkosh*. The law by its terms applies to all cities of the second and third classes. Many cities of these classes still operate under special charters. We have not examined them to see in what respects,

if any, they differ from the charter of the city of Oshkosh or the general charter for cities. It may well be that in some of these cities governed by special charters police officers are compensated partly by salaries and partly by fees, in which event cities so governed could adjust this pension law to their local system without injustice or without disturbing unduly their peculiar conditions, and no doubt this provision was intended to cover some such cases. The fear expressed that this provision might enable an unscrupulous board of trustees of such pension fund to pay these fees to the individual officers for whose services they were taxed in those cities where such officers are paid a salary, cannot vary a construction of this statute clearly permissible by its language and in harmony with its purpose. Such action could not be taken by such boards without doing violence to the plain purpose of this statute and without violating the express terms of other statutes. The purpose of this statute being to create a pension fund, and not to increase the pay of individual police officers, it would not warrant the payment of these fees to officers already compensated by salaries. We must assume that the trustees of this fund will use it to accomplish the statutory purpose and will not attempt to divert it to other and unauthorized purposes.

It is thought a difficulty arises where the offender is found not guilty. In that case the fees in question are not taxed and therefore are not paid. Sec. 925—52m deals only with such officers' fees as have been paid and are either in the possession of the court or of the city treasurer. We therefore conclude that the trial court was correct in his construction of this law.

The plaintiff sought to compel the transfer of $765.25 charged and collected as costs for conveyance, the conveyance in question being a patrol wagon maintained at the expense of the city of Oshkosh and furnished to the police department for its use. Waiving the question as to whether

State ex rel. Board of Trustees v. Oshkosh, 166 Wis. 391.

or not such a charge is properly taxable, we are clearly of the opinion that it is not a fee within the meaning of sec. 925—52m. If it is anything, it is a disbursement.

Sec. 843, Stats. 1915, contains the following provision:

"Constables may receive the following fees:

"For serving a warrant or other writ, not otherwise provided for, on each person named therein, twenty-five cents. . . .

"For serving a subpœna or summons on each person named therein, twelve and a half cents. . . .

"For each mile actually traveled, going and returning to serve any process . . . ten cents; . . .

"For committing to prison, thirty-seven cents. . . .

"For attending on a jury, twenty-five cents.

"For attending at the command of a justice of the peace on the trial of a cause before him, fifty cents for each half day, which, in a criminal case, shall include his services as custodian of the defendant. . . .

"He shall also receive all his necessary disbursements actually made for board and conveyance of prisoners, to be settled by the county board."

For the item referred to there appears to be no authority other than this section. It is clearly not a fee, and, if a disbursement, does not belong to the fund in question. It is claimed, however, that it is a service rendered by the police department or some member thereof. Some member of the department may render service in connection with the use of this patrol wagon. If the patrol wagon may be said in any sense to render any service, the service rendered by it is rendered by the city of *Oshkosh* and not by the police department. The use of the wagon is incidental to the service rendered by the department. Therefore we are of the opinion that the items which were derived from the charge for the conveyance are not for fees paid for services of the police department or any member thereof and cannot be ordered transferred to the police pension fund.

*By the Court.*—Judgment affirmed.

Vinje, J. (*dissenting*). I am unable to concur in the conclusion of the court that fees taxed for services of police officers belong to the police pension fund. The reasons for such nonconcurrence, stated briefly and without argument, are these: Police officers of *Oshkosh* are paid a salary. Such salary is compensation in full for all services under the employment for which legal compensation can be exacted. The fees taxed belong to the city by virtue of the provisions of sec. 9, ch. 24, Laws 1895, and sec. 925—71, Stats. 1915, which so expressly provide. They do not belong and are not paid to the police department or to any member thereof. It is not reasonable to suppose that the legislature intended to repeal the statutory provisions relative to the ownership of such fees by the use of the word "fees" in sec. 925—52m, especially in view of the proviso in sec. 925—52v that secs. 925—52h to 925—52v, inclusive, shall in no way affect or apply to the provisions of any act or law in reference to another department of a city to which the police pension fund act applies. Yet the court's construction of the term "fees" implies such repeal. Repeals by implication are not favored.

The word "fees" in sec. 925—52m is subject to the maxim *Noscitur a sociis* and means a tip or gratuity,—an ordinary use of the term (see Webster, Internat. Dict.), and does not mean a legal charge. This is made clear by reference to the firemen's statute, using the identical language and passed at the same time. Firemen receive no fees in the legal acceptation of the term. They are paid a salary. Sec. 1989, Stats. 1915. Hence in that statute the word "fees" must mean a gratuity, gift, or tip. It should receive the same construction in the statute under consideration. Then some reason would appear for the use of the language in sec. 925—52m providing that the rewards, fees, gifts, or emoluments therein referred to shall be paid into the police fund "except when allowed to be retained by said member by resolution of said boards." Why the board of trustees should be given the

power to determine whether legal fees for services rendered by officers paid a fixed salary shall be allowed to be retained by such officers or paid into the pension fund is not obvious. Such fees by force of statute belong to the city, as stated above.   But under the interpretation put upon the word "fees" by the court, the board of trustees may deprive the police pension fund as well as the city of every cent of such revenue.   It permits police officers to receive a fixed salary and in addition thereto fees for services rendered by them— double compensation.   I do not believe the legislature contemplated or intended such a result.   By construing the word "fees" to mean a gift or gratuity these anomalous results vanish and the act becomes a rational one.

MARSHALL, J.   I concur in the foregoing opinion of Mr. Justice VINJE.