No. 16,010.

KIRSCHWING ET AL. *v.* O'DONNELL ET AL.

(207 P. [2d] 819).

Decided May 31, 1949.

Mr. J. GLENN DONALDSON, Mr. ABE L. HOFFMAN, for plaintiffs in error.

Mr. ANTHONY F. ZARLENGO, Mr. CHARLES GRAHAM, for defendants in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

THIS action concerns interpretation of a portion of the amendment of the charter of City and County of Denver concerning police pensions which became effective June 1, 1947, which reads as follows:

"Retirement

"Any member of the Denver Police Department in the classified service who shall have completed twenty-five years of active service in said department, shall, upon his request, be retired from further service in said department and such member shall thereafter, during his life-time, be paid in equal monthly installments from the 'Pension and Relief Fund' a pension equal to one-half (1/2) of the average monthly rate of salary which such member shall have received in such department during the one year preceding the date of the termination of the said member's twenty-five years of active service.

"The pension herein provided for shall be paid to those who have been retired from service prior to the effective date of this amendment, as well as those who shall be so retired after the effective date of this amendment; provided, however, that at no time shall the pension of any member be reduced to an amount less than the amount he was entitled to at the time he was retired from active service.

"In the event that salaries in the Denver Police Department shall be raised after the effective date of this amendment those members of said department who shall have previously been retired from active service and who are receiving a pension, shall be entitled to an increase in the amount of their pension equal to one-half of the raise in pay granted in the rank said member held at the time he was retired.

"No member of the Denver Police Department shall be retired from active service or be granted a pension prior to the termination of said member's twenty-five years of active service.

"Should any member of the Denver Police Depart-

ment, who has served an aggregate of twenty-five years of active service, elect to remain in active service beyond the termination of such member's initial twenty-five years of active service and should it appear at any time after such date that such member is physically or mentally unable to perform his duties as a police officer the Chief of Police, upon recommendation of said member's commanding officer and the Police Surgeon may petition the 'Police Pension and Relief Board' to call said member before said Board for an examination into his physical and mental condition to ascertain his fitness for active service.

"The Board shall cause said member to be examined by three licensed, practicing physicians appointed by said Board and should the Board find from their recommendations together with such other facts as may be presented to said 'Board' by the 'Investigating Committee' that said member is either or both physically or mentally unfit for active service the Board may for the good of the department order him to be retired from' active service on a pension as herein provided."

The question involved is whether the pensions of members of the police department who have served longer than twenty-five years shall be equal to one-half the average monthly rate of salary which such members shall have received during the year preceding the date of the termination of the members' twenty-fifth year of service, or whether it shall be equal to one-half the average monthly rate of salary received during the one year next preceding the date of termination of active service. The trial court held the latter to be the proper basis. Plaintiffs in error insist that the former must be employed.

In summary, the amendment provides: (1) That a member may retire at the end of twenty-five years of service on pension equal to one-half the average monthly salary received during his twenty-fifth (and last) year of service; (2) that no member shall be granted a pen-

sion prior to the termination of twenty-five years of service, and (3) that should any member elect to remain in active service after his initial twenty-five years, then upon becoming physically or mentally unfit, he shall be retired "on a pension as herein provided."

 The intended meaning of the amendment is obscure, confused and ambiguous, as applied to the case of one who has served longer than twenty-five years in the department. In our attempt to spell out the intended meaning of the people in the enactment of this provision, we may well be guided by the rule stated by the California court: "If the meaning of the language as it was intended to be understood * * * be uncertain or doubtful, then a question of legislative intent is presented and that intention must be ascertained by a consideration of the language in connection with the context of the statute in which the language is employed in its entirety, the object which said statute was designed to attain, and the obvious consequences which would follow a 'construction either way." *Klench v. Board of Pension Fund Com'rs,* 79 Cal. App. 171, 249 Pac. 46.

First, if we look at the context in its entirety for light on the construction of this paragraph, we note: (1) That the pension to those retiring at the end of twenty-five years is not a flat rate, but is based on the rank and salary achieved by the officer at the time of his retirement; (2) that any increase in pension provided by the escalator clause is based, not on the rank and salary of the retired officer's twenty-fifth year, but on "the raise in pay granted in the rank said member held at the time he was retired"; (3) subsequent provisions concerning sick leave provide that an officer incapacitated by illness shall be given disability leave, "at one-half of the salary for the rank which he holds in said department," to be paid from the pension fund; (4) in case of disability derived from injury in line of duty, an officer shall have leave of absence "at one-half of the salary for the rank he holds in said department"; and (5) upon the

death of a member his widow shall receive monthly benefits "equal to one-third of the salary of said member at the time of his death." Every provision for compensation contained in the amendment is based upon the rank and salary of the officer at the time of retirement, death or disability, unless it be as here urged by plaintiffs in error in the case of the pension of one who has served more than twenty-five years in the department, and no reason for other intent in such case appears.

Where the whole scheme and plan of pensions is based upon the rank and salary at the time of retirement in every case except the one involved, the presumption should be of like intent in that case, where ambiguity attends.

■ Second, if we look at the object which said statute was designed to attain, we find that the most obvious and generally recognized objects of police pension acts are to reward efficiency, to encourage officers to remain in the service, and to give assurance of a decent living upon retirement, whether from disability or old age. *Klench v. Board of Pension Fund Com'rs, supra; State ex rel. v. City of Oshkosh,* 166 Wis. 391, 166 N.W. 37; *Commonwealth v. Walton,* 182 Pa. 373, 38 Atl. 790; *In re Roche,* 126 N.Y. Supp. 766, 141 App. Div. 872; *State ex rel. v. Trujillo,* 46 N.M. 361, 129 P. (2d) 329. These objects are not promoted by such construction, as hereinafter shown.

■ Third, if we consider the obvious consequences which would follow the construction urged by plaintiffs in error, we find that under such construction, one retiring at the end of forty years' service would have his original pension based on the salary and rank of his twenty-fifth year, yet any subsequent increase of his pension would have no relation whatever to subsequent increase in pay granted in that rank, but would depend on increase in pay granted in another rank, to wit: the rank he held at the time he was retired. Further, if two officers retired on the same day at the same rank, one

at the end of his twenty-fifth year of service and the other after serving forty years, the younger man's pension would be based on his present salary and the older man's pension would be based on his salary and rank of fifteen years before. Again, if an officer retired at the end of his twenty-fifth year and there was a subsequent increase in the salary of the rank he then held, his pension would be increased proportionately, while if he continued in the active service until after such increase in salary, his pension would be based on the salary he received at the end of his twenty-fifth year, and his pension for his old age would be less than it would have been had he retired at the end of his twenty-fifth year. Still again, in case of incapacity for work by sickness or injury incurred in the service, one who had served less than twenty-five years would receive leave of absence pay based on his present rank and salary, while one who had served more than twenty-five years would be retired on pension based on his salary and rank at the end of his twenty-fifth year.

It thus appears that the construction urged by plaintiffs in error, basing retirement compensation upon the twenty-fifth year's salary rather than that of the last year, would paralyze incentive and ambition, discourage continued service, give younger officers larger pensions than older ones, and one who quit early an advantage over one who continued in service. This is contrary to the fundamental purpose of pension laws and we cannot believe such absurd results were contemplated by the people in enacting the amendment.

Each of the three suggested tests of proper construction supports the construction given by the trial court and its judgment is accordingly affirmed.

Mr. Justice Moore does not participate.