MR. JUSTICE HODGES
delivered the opinion of the Court.
This appeal challenges the trial court’s judgment which upheld procedures set up by the Colorado State Personnel Board, the defendant, to select a list of eligible and best qualified applicants for the position of Chief of the Colorado State Patrol. We affirm the judgment of the trial court.
This case originated on the basis of these facts. Upon announcement of the retirement of Chief Carrel of the Colorado State Patrol, the defendant personnel board commenced procedures through which a new chief would be selected and appointed. Only Colorado State Patrol officers with at least seven years on the force, four of which must have been served in an administrative capacity as a commis *156 sioned officer, were qualified according to the personnel board announcement, which also specified that applications for the position of chief must be mailed or delivered to the personnel board by September 3, 1971.
The plaintiff, who is the deputy chief of the Colorado State Patrol, applied for the position of chief. A written test was given. On September 17, 1971, plaintiff was notified that he had not scored high enough on the written test to be considered as eligible for appointment as chief of the Colorado State Patrol.
The plaintiff thereupon filed his complaint in the trial court seeking to permanently enjoin the personnel board from conducting any further examination of those passing the written test and requesting a declaration that the plaintiff is by law the only person eligible for appointment to the position of chief. On September 20, 1971, the date the complaint was filed, the trial court on the plaintiffs ex parte request, issued a temporary restraining order. Upon hearing and presentation of evidence on September 28, 1971, the trial court dissolved the restraining order, denied the plaintiff any relief, and entered its judgment dismissing his complaint. From this judgment, the plaintiff appeals. Pending this appeal, a stay order against any further action on the part of the personnel board is in effect.
The plaintiffs contention in the trial court and on this appeal was, and is, that the position of chief of the Colorado State Patrol is to be attained by promotion from the next lower rank, and that as the sole deputy chief, which is the next lower rank to that of chief, the plaintiff alone is qualified and eligible for promotion to the position of chief. In his attempt to sustain this position, the plaintiff argues that the provision of C.R.S. 1963, 120-10-10(1) applies to all advancements or promotions from a lower to a higher rank in the Colorado State Patrol, including advancement from deputy chief to chief. By the joint application of this statute and State Patrol Rule 10B, the plaintiff maintains that his position is fully supported.
The pertinent part of C.R.S. 1963, 120-10-10(1) provides:
*157 “All commissioned and noncommissioned officers and patrolmen of the Colorado State Patrol, before promotion, shall be required to serve the designated period of time in each grade as hereinafter provided. ... All commissioned and noncommissioned officers must serve a period of one year in grade before they may be eligible to compete in promotional examinations.”
State Patrol Rule 10B states that:
“In the event no eligible list exists when a vacancy occurs, members may be selected from the next lower rank for provisional promotion to the vacancy. No member shall be allowed to skip a rank.”
The trial court ruled that C.R.S. 1963, 120-10-10(1) applies only to promotions within the ranks of the Colorado State Patrol and that it does not concern itself with the appointment of the chief. We agree with the trial court’s ruling in this respect for the reasons to be hereinafter discussed.
C.R.S. 1963, 120-10-7 provides for the appointment of a chief and sets forth the statutory qualifications which must be met by an applicant. In pertinent part, it states that the chief shall be appointed and that to be eligible for appointment he:
“shall have been an officer of the Colorado state patrol for at least seven years immediately preceding his appointment, four years of which must have been served in an administrative capacity as a commissioned officer.”
Also, Section 120-10-7 requires as a basis for eligibility to be appointed chief that the applicant
“fulfill all requirements which are in effect at the time of his appointment as are set forth in the job specification for the position by the Colorado state civil service commission.” (Now the State Personnel Board by constitutional amendment adopted November 3, 1970, effective July 1, 1971, Colorado Constitution, Article XII, Section 14).
In holding that C.R.S. 1963, 120-10-10(1), and also, State Patrol Rule 10B do not govern in the selection and the appointment of the chief of the Colorado State Patrol, we *158 must consider the provisions of Article XII, § 13, Colorado Constitution which was adopted by the electorate at the General Election on November 3, 1970, to be effective July 1,* 1971. The following provisions of Section 13 are particularly significant in the discussion of the issue here.
“(2) The personnel system of the state shall comprise all appointive public officers and employees of the state, except the following:” [Listing exceptions which do not include the Chief of the Colorado State Patrol.]
“(5) The person to be appointed to any position under the personnel system shall be one of the three persons ranking highest on the eligible list for such position, or such lesser number as qualify, as determined from competitive tests of competence, subject to limitations set forth in rules of the state personnel board applicable to multiple appointments from any such list.”
“(7) The head of each principal department shall be the appointing authority for the employees of his office and for heads of divisions, within the personnel system, ranking next below the head of such department. Heads of such divisions shall be the appointing authorities for all positions in the personnel system within their respective divisions. Nothing in this subsection shall be construed to affect the supreme executive powers of the governor prescribed in section 2 of article IV of this constitution.”
The above constitutional provisions, and several recently enacted statutes, clearly formulate the basic procedures which must be followed in selecting and appointing a chief of the Colorado State Patrol. The recently enacted statutes referred to above are as follows: 1969 Perm. Supp., C.R.S. 1963, 3-28-8 provides that the head of a principal department shall appoint division heads. 1969 Perm. Supp., C.R.S. 1963, 3-l-4(l) requires that all appointments so made shall be in conformity with the provisions of Article XII, § 13 of the Colorado Constitution. 1969 Perm. Supp., C.R.S. 1963, 3-28-10 creates a state department of highways as a principal *159 department. 1969 Perm. Supp., C.R.S. 1963, 3-28-26(3)(c) and 1969 Perm. Supp., C.R.S. 1963, 120-10-1 establishes the Colorado State Patrol as a division of the Department of Highways.
If the plaintiffs argument is followed to its logicai extension, at least two possible results are reached which are completely repugnant to the constitution of this state and to the provisions of the Administrative Code implementing that constitution.
First, if the plaintiffs contentions were followed, the only person who would ever be eligible to be chief of the Colorado State Patrol would be whomever was fortunate enough to be appointed Deputy Chief by the incumbent chief. This is the practical effect of C.R.S. 1963, 120-10-10 and Colorado State Patrol Rule 10B if they are applied to the chiefs job. Such a result would contravene the constitutional and statutory provisions cited above. Not only does the constitution require that the appointment be made from a list of three individuals, or such lesser number as qualify, but it also requires that the head of the Department of Highways appoint the chief. Under plaintiffs interpretation, the incumbent chief would be appointing his successor.
Second, if the incumbent chief were to die in office or resign and the deputy chief had been “in grade” for less than one year, there would be absolutely no one eligible for the position of chief according to the interpretation contended for by the plaintiff. Such results cannot be said to be what the legislature intended in passing these statutes. Moreover, such a result would be unreasonable and absurd. Kirshwing v. O’Donnell, 120 Colo. 125, 207 P.2d 819; People v. Rapini, 107 Colo. 363, 112 P.2d 551.
It is our view that our present constitutional and statutory law makes it crystal clear that the chief of the Colorado State Patrol is to be appointed by the head of the Department of Highways; that the appointment must be made from a list of three persons ranking highest on the eligible list for such position as determined from a competitive test of competence administered by the Colorado State *160 Personnel Board. It is therefore obvious, from this analysis of our current laws, that the plaintiffs contention that the provisions of C.R.S. 1963, 120-10-10(1) and State Patrol Rule 10B apply to the appointment of a chief of the Colorado State Patrol is completely without merit.
Judgment affirmed.
MR. CHIEF JUSTICE PRINGLE concurs in the result.