**The PEOPLE of the State of Colorado, Petitioner,**

v.

**DISTRICT COURT, SECOND JUDICIAL DISTRICT, Colorado, and Honorable J. Stephen Phillips, one of the judges thereof, Respondents.**

No. 84SA438.

Supreme Court of Colorado, En Banc.

Jan. 31, 1986.

---

Norman S. Early, Jr., Dist. Atty., O. Otto Moore, Asst. Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for petitioner.

J. Stephen Phillips, Denver, pro se.

NEIGHBORS, Justice.

The People filed this original proceeding under C.A.R. 21 for relief in the nature of mandamus. They assert that the respondent judge's imposition of a sentence within the presumptive range contravenes section 18–1–105(9)(a)(IV), 8 C.R.S. (1985 Supp.), which requires that the defendant be sentenced within the aggravated range. We issued a rule to show cause and now make the rule absolute.

## I.

Defendant Albert Van Matthews was charged in April 1984 with aggravated robbery[1] and mandatory sentence for violent crime.[2] Pursuant to a plea agreement, the defendant pleaded guilty to the aggravated robbery charge and the mandatory sentence for violent crime count was dismissed. As part of the plea bargain, the district attorney agreed not to object to a sentence running concurrently with the sentence to be imposed upon the defendant for attempted second-degree burglary,[3] a felony charge filed as the result of an earlier criminal episode. At the time the robbery was committed the defendant was on bond for the attempted burglary.

The respondent judge, over the prosecutor's objection, imposed a five-year sentence upon the defendant for the aggravated robbery. That sentence is within the presumptive range for class 3 felonies, such as aggravated robbery.[4] The trial judge, although cognizant of the statutory provisions requiring a sentence within the aggravated range,[5] found that the extraordinary mitigating factors present in the defendant's case offset the extraordinary aggravating circumstance, thereby permitting imposition of a sentence within the presumptive range.

1.  § 18–4–302, 8 C.R.S. (1978).

2.  § 16–11–309, 8 C.R.S. (1985 Supp.).

3.  § 18–4–203, 8 C.R.S. (1978 & 1985 Supp.), and § 18–2–101, 8 C.R.S. (1978).

4.  *See* § 18–1–105(1)(a), 8 C.R.S. (1985 Supp.).

## II.

Section 18–1–105(9)(a)(IV), 8 C.R.S. (1985 Supp.), provides as follows:

(9)(a) The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term greater than the maximum in the presumptive range, but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony:

. . . .

(IV) The defendant was charged with or was on bond for a previous felony at the time of the commission of the felony, for which previous felony the defendant was subsequently convicted.

The People contend that the plain statutory language constitutes a legislative mandate requiring the respondent judge to sentence the defendant to a term of incarceration greater than the maximum presumptive term, due to the existence of the extraordinary aggravating circumstance enumerated in section 18–1–105(9)(a)(IV). They argue that section 18–1–105(9)(a) does not authorize a sentencing court to avoid the requirements of that section by a consideration of mitigating factors.

The respondent judge cites section 18–1–105(6), 8 C.R.S. (1985 Supp.), in support of his position that a sentence within the presumptive range was permissible. Section 18–1–105(6) states in pertinent part:

If the court finds . . . extraordinary mitigating or aggravating circumstances, it may impose a sentence which is lesser or greater than the presumptive range.

The respondent, noting that section 18–1–105 does not precisely articulate the sentencing authority of a trial court when both

5.  By "a sentence within the aggravated range," we mean a term which is greater than the maximum in the presumptive range but not more than twice the maximum term authorized in the presumptive range. *See* § 18–1–105(6) & (9)(a), 8 C.R.S. (1985 Supp.).

mitigating and aggravating circumstances are present, suggests that section 18–1–105(6) allows extraordinary mitigating and aggravating factors to offset each other and thereby permits a sentence within the presumptive range.

■■■ Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. *E.g., Engelbrecht v. Hartford Accident & Indemnity Co.,* 680 P.2d 231 (Colo.1984); *ITT Diversified Credit Corp. v. Couch,* 669 P.2d 1355 (Colo.1983). Constructions which defeat the obvious legislative intent should be avoided. *E.g., Tacorante v. People,* 624 P.2d 1324 (Colo.1981); *People v. Meyers,* 182 Colo. 21, 510 P.2d 430 (1973). To discern that intent, a court should look first to the language of the statute. *Colorado Public Interest Research Group, Inc. v. Train,* 507 F.2d 743 (10th Cir.1974), *cert. granted,* 421 U.S. 998, 95 S.Ct. 2393, 44 L.Ed.2d 664 (1975), *rev'd on other grounds,* 426 U.S. 1, 96 S.Ct. 1938, 48 L.Ed.2d 434 (1976); *People ex. rel. Dunbar v. Trinidad State Junior College,* 184 Colo. 305, 520 P.2d 736 (1974). Words and phrases should be given effect according to their plain and ordinary meaning. *E.g., Engelbrecht,* 680 P.2d at 223; *People v. Lewis,* 680 P.2d 226 (Colo.1984). If the language is clear and the intent appears with reasonable certainty, there is no need to resort to other rules of statutory construction. *Train,* 507 F.2d at 746; *see Crestview Water & Sanitation District v. Board of Directors of Metropolitan Denver Sewage Disposal District No. 1,* 640 P.2d 265 (Colo.App.1981).

■■■ To reasonably effectuate the legislative intent, a statute must be read and considered as a whole. *E.g., R & F Enterprises, Inc. v. Board of County Commissioners of Adams County,* 199 Colo. 137, 606 P.2d 64 (1980); *Public Employees' Re-*

*tirement Association v. Greene,* 195 Colo. 575, 580 P.2d 385 (1978). Where possible, the statute should be interpreted so as to give consistent, harmonious, and sensible effect to all its parts. *Massey v. District Court,* 180 Colo. 359, 506 P.2d 128 (1973); *see Travelers Indemnity Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976). If separate clauses within a statute may be reconciled by one construction but would conflict under a different interpretation, the construction which results in harmony rather than inconsistency should be adopted. *Alpert Corp. v. State Department of Highways,* 199 Colo. 4, 603 P.2d 944 (1979); *Mooney v. Kuiper,* 194 Colo. 477, 573 P.2d 538 (1978).

By itself, the language of section 18–1–105(9)(a)(IV) is susceptible of only one interpretation. It provides that the presence of one or more of the enumerated extraordinary aggravating circumstances "shall require" a court to sentence a defendant to a term of incarceration within the aggravated range. The generally accepted and familiar meanings of both "shall" and "require" indicate that these terms are mandatory.[6] Moreover, this court has consistently held that the use of the word "shall" in a statute is usually deemed to involve a mandatory connotation. *E.g., People v. Clark,* 654 P.2d 847 (Colo.1982); *Swift v. Smith,* 119 Colo. 126, 201 P.2d 609 (1948). Thus, the plain meaning of subsection (9)(a) would seem to dictate that a sentencing court, when faced with the presence of one of the extraordinary aggravating circumstances set forth in that subsection, has no alternative other than to sentence a defendant to a term of imprisonment within the aggravated range.

■■■ When subsection (9)(a) is considered in conjunction with subsection (6), however, the sentencing power of a trial court is less clearly delineated. Subsection

**6.** *See Black's Law Dictionary* 1233 (5th ed. 1979): "Shall.... In common or ordinary parlance, and in its ordinary signification, the term 'shall' is a word of command, and one which has always or which must be given a compulsory meaning; as denoting obligation. It has a peremptory meaning, and it is generally impera-

tive or mandatory. It has the invariable significance of excluding the idea of discretion...." *See id.* at 1172: "Require. To direct, order, demand, instruct, command, claim, compel, request, need, exact." *See also Webster's Third New International Dictionary* (1969) at 2085–86 & 1929, respectively.

(6) provides that if a court finds extraordinary aggravating or mitigating factors, it "may" impose a sentence which is lesser or greater than the presumptive range. Read together, subsections (6) and (9)(a) *could* be construed as they were by the respondent judge, to authorize a sentence within the presumptive range by permitting even those extraordinary aggravating circumstances set forth in subsection (9)(a) to be offset by mitigating factors. Alternatively, the two subsections can be interpreted to *mandate* a sentence within the aggravated range whenever any of the extraordinary aggravating circumstances specifically enumerated in subsection (9)(a) are present, and to *permit* a sentence outside the presumptive range whenever any extraordinary mitigating factors, or any extraordinary aggravating factors not specifically listed in subsection (9), exist.

We are persuaded that the latter construction of the statute is required, for several reasons. First, the plain meaning of the relevant language supports such a construction. Just as "shall" and "require" are most commonly mandatory in effect, "may" is usually permissive or directory.[7] Thus, the scope of what a court is *permitted* to do under subsection (6) is limited by what it is *mandated* by subsection (9)(a).[8]

Second, the alternate interpretation is the one which best reconciles the two provisions, giving the maximum possible efficacy to both. The construction urged by the respondents fails to give effect to the mandatory nature of the language in subsection (9)(a). The construction we have adopted gives effect to subsection (9)(a) by requiring imposition of a sentence within the aggravated range when any one or more of the aggravating factors specified in that subsection exist, and likewise gives effect to subsection (6) by allowing a sentence outside the presumptive range to be imposed when other aggravating, or mitigating, factors are present.

We are not unmindful of the rule of lenity which requires that penal statutes, including those pertaining to sentencing, be strictly construed in favor of the accused. *E.g., People v. Lowe,* 660 P.2d 1261 (Colo.1983); *see People v. Luciano,* 662 P.2d 480 (Colo.1983). However, the rule of statutory interpretation which demands that words be given their fair and ordinary meaning applies to penal as well as non-penal statutes, *see Colorado v. United States,* 219 F.2d 474 (10th Cir.1954), and giving statutory words their full meaning in the context in which they are used does not violate the rule of lenity. *Sheeley v. People,* 54 Colo. 136, 129 P. 201 (1913). Moreover, the rule of strict construction of criminal statutes should not be used to defeat the evident intention of the legislature. *Olinyk v. People,* 642 P.2d 490 (Colo. 1982); *Croswell v. People,* 74 Colo. 547, 223 P. 51 (1924). *See generally* C. Sands, 3 *Sutherland Statutory Construction* § 59.-06 & § 59.08 (4th ed. 1974).

The rule is made absolute. The respondents are directed to vacate the defendant's sentence and resentence him in accordance with the principles expressed herein.

---

**7.** *See Black's Law Dictionary* 883 (5th ed. 1979): "May.... [A]s a general rule, the word 'may' will not be treated as a word of command.... In construction of statutes ... [the] word 'may' as opposed to 'shall' is indicative of discretion or choice between two or more alternatives.... *See also Webster's Third New International Dictionary* (1969) at 1396. *Cf.* N. Singer, 2A *Sutherland Statutory Construction* § 57.11 (Sands 4th ed. 1984): "Where both mandatory and directory verbs are used in the same statute, ... it is a fair inference that the legislature realized the difference in meaning, and intended that the verbs should carry with them their ordinary meanings. This is especially true where 'shall' and 'may' are used in close juxtaposition...."

**8.** *See* N. Singer, 2A *Sutherland Statutory Construction* § 57.12 (Sands 4th ed. 1984): "The effect of holding a statute mandatory is to require strict compliance with its letter.... If a provision is held to be [permissive] some deviation is allowed from its terms...."