The FEDERAL LAND BANK OF
WICHITA, a corporation,
Plaintiff–Appellant,

v.

John Lewis NEEDHAM and Judith
Katherine Needham,
Defendants–Appellees.

No. 87CA0523.

Colorado Court of Appeals,
Div. VI.

March 24, 1988.

Rehearing Denied April 21, 1988.

Certiorari Denied Aug. 15, 1988.

Rider & Woulf, P.C., Steven R. Rider, Aurora, for plaintiff-appellant.

Holm & Christensen, P.C., Jon L. Holm, Steven A. Christensen, Denver, for defendants-appellees.

BINDER, Judge.*

Plaintiff, The Federal Land Bank of Wichita, appeals a judgment in a forcible entry and detainer action in favor of defendants, John Lewis and Judith Katherine Needham, which directed the parties to negotiate a lease to real property owned by plaintiff within a specified period of time. Plaintiff contends that the trial court erred in its construction and application of pertinent statutes. We reverse.

The facts are not in dispute. On June 18, 1984, plaintiff obtained a decree of foreclosure with respect to agricultural property then owned by defendants. Plaintiff was the successful bidder at a sheriff's sale and received a certificate of purchase on August 10, 1984. Defendants' redemption period expired on February 10, 1985, and plaintiff was issued a sheriff's deed on February 20, 1985. On March 13, 1985, the parties entered into a lease agreement for a term beginning April 15, 1985, and ending December 31, 1985. The lease was not renewed after its expiration date, but defendants continued to occupy the property.

On June 12, 1986, plaintiff served defendants with a notice to quit, demanding surrender of possession by July 12, 1986. Defendants failed to vacate the property, and plaintiff filed a complaint in unlawful detainer on September 23, 1986.

Defendants answered, asserting the right to retain possession under remedial legislation contained in House Bill 1284 (Colo.Sess.Laws 1986, ch. 59) (HB1284). The trial court found in favor of defendants. It issued an order requiring the parties to submit a lease for the court's approval or else to set a hearing for the court to determine an appropriate lease.

Plaintiff unsuccessfully challenged the constitutionality of HB1284 in the trial court, but does not pursue that issue on appeal. Plaintiff contends that the trial court erred in ruling that defendants were entitled to benefits under HB1284. We agree.

A declared purpose of HB1284 is "to assist farmers, financial institutions and rural communities to fairly and equitably bear the burden of the current financial crisis...." Colo.Sess.Laws 1986, ch. 59, § 1 at 430. The provisions of HB1284 became effective April 18, 1986, and expire by their own terms on January 31, 1990. This legislation creates the status of "qualified farm owner-tenant" and, among other remedies, grants to persons accorded that status extraordinary rights to possession of foreclosed property.

Pursuant to one provision of HB1284, § 13–40–104(2), C.R.S. (1987 Repl.Vol. 6A), a qualified farm owner-tenant may remain in possession of farm or ranch property even though he might otherwise have been subject to eviction for unlawful detention. Section 13–40–124, C.R.S. (1987 Repl.Vol. 6A), added by HB1284, sets forth several criteria, all of which must be met before a qualified farm owner-tenant is entitled to claim such possessory rights. One such requirement, set out in § 13–40–124(1)(i), C.R.S. (1987 Repl.Vol. 6A) is that rights of

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, Sec. 5(3),

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

redemption had not expired prior to April 18, 1986, the effective date of the statute.

The trial court found that defendants' redemption period had expired on February 10, 1986, but concluded that they were qualified farm owner-tenants nonetheless. The court ruled that language added to § 13–40–104 indicates a legislative intent to grant qualified farm owner-tenant status to farmers and ranchers regardless of the expiration of redemption rights.

In support of its conclusion the trial court cited various rules of construction relating to conflicts between separate statutory provisions. Because we find no conflict in the applicable statutes, we do not agree with the court's decision.

■ In construing a statute, words and phrases should be given their plain and ordinary meaning and strained interpretations should be avoided. *People v. Lewis,* 680 P.2d 226 (Colo.1984); *Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973).

The language of § 13–40–104, C.R.S. (1987 Repl.Vol. 8A) is susceptible to only one interpretation. It refers to § 13–40–124 for the definition of a qualified farm owner-tenant, and the circumstances under which the attendant rights can be exercised. There is no indication that other criteria are to be applied where unlawful detention of foreclosed farm or ranch property is alleged.

Upon considering the statute as a whole, as we are required to do, *see People v. District Court,* 713 P.2d 918 (Colo.1986)), we find it to be a legislative scheme to furnish relief in a perceived crisis to persons meeting certain criteria. The undisputed evidence established that defendants did not qualify for the extraordinary relief provided by the statute. Accordingly, the trial court erred in finding that plaintiff failed to meet its burden of proof and in directing the parties to enter into a lease agreement.

The judgment is reversed and the cause is remanded for the entry of an order granting plaintiff possession of the property in question.

SILVERSTEIN and WILSON, JJ., concur.*