**Vicki Johnson CABOT, Plaintiff,**

v.

**COLORADO CHARTER LINES, INC.,
and Daniel E. Goodyear,
Defendants–Appellants.**

No. 87CA0891.

Colorado Court of Appeals,
Div. III.

June 1, 1989.

White & Steele, P.C., John M. Palmeri and James M. Dietrich, Denver, for defendants-appellants.

JONES, Judge.

Colorado Charter Lines, Inc., and Daniel E. Goodyear, defendants, appeal the denial of their C.R.C.P. 60 motion seeking relief from assessment of additional docket fees. We affirm.

After a jury trial, judgment was entered in favor of plaintiff and against defendants in the amount of $593,293. The judgment was paid in part pursuant to a negotiated settlement. The parties agreed as a part of the settlement that defendants would seek to have the judgment vacated. Subsequently, defendants requested, and obtained, an order vacating the judgment.

Approximately five months later, the trial court ordered defendants, as judgment debtors, to pay $1176 in additional docket fees pursuant to § 13–32–101(4)(a), C.R.S. (1987 Repl.Vol. 6A). Defendants moved for relief from that order, but the trial court denied the motion.

Defendants contend that additional docket fees cannot be assessed on a vacated judgment. We do not agree.

Section 13–32–101(4)(a), C.R.S. (1987 Repl.Vol. 6A) provides:

"In a civil case in which there is a contested trial to the court or a trial to a jury and a monetary judgment rendered which is paid in whole *or in part* in cash or other property, there shall be assessed, against the judgment debtor, by the clerk of the court an additional fee.... This additional fee shall be paid to the clerk of the district court upon request for full or partial satisfaction of judgment and before the certificate of satisfaction of judgment is issued." (emphasis added)

**1152**

This statute should be applied in accordance with its plain meaning. *See People v. District Court*, 713 P.2d 918 (Colo.1986).

The statute of which § 13–32–101(4)(a) is a part is provided to designate the conditions and methods by which certain designated fees are to be paid to the clerks of the various courts. The General Assembly has been very specific as to which fees are to be paid, by whom, and at what point in the various proceedings the fees must be paid. *See* § 13–32–101(1), C.R.S. (1987 Repl.Vol. 6A). Additionally, the General Assembly has set forth with particularity when fees *are not to be assessed,* or when exceptions may be made to an exemption from the assessment of fees. *See* § 13–32–101(2) and (3), C.R.S. (1987 Repl. Vol. 6A).

If the intent of the General Assembly concerning the statute is so certain of determination, especially as to circumstances under which no fees may be assessed, a court may not carve out additional exceptions. *See People v. District Court, supra.*

Here, after a jury trial, a monetary judgment was entered which was paid in part through a negotiated settlement. Thus, the conditions for assessment of the additional fee were met. That the judgment was vacated does not alter that it was entered after a jury trial, and paid.

In the circumstances at issue, public resources have been used by the parties in effectuating the monetary resolution of their dispute, and its certain termination. These are precisely the conditions under which the General Assembly mandated assessment of an additional fee. Furthermore, if the General Assembly had intended that fees not be assessed under circumstances such as here, it would have so stated along with the other specific exceptions it did set forth.

The order is affirmed

TURSI and CRISWELL, JJ., concur.